## KNIGHT ET AL. *v.* McDONALD ET AL.

REAL ESTATE, RECOVERY OF.—*Pleading.*—A complaint is sufficient in an action for the recovery of real estate, if it contain the substance required by the statute.

MARRIED WOMAN.—A married woman may, during coverture under her third marriage, maintain an action for the recovery of real estate which came to her on the death of her first husband, by descent from him, and which she attempted to convey during coverture under her second marriage.

APPEAL from the Shelby Circuit Court.

PETTIT, J.—The complaint is as follows, in substance and effect: The plaintiffs complain of the defendants, and say that on the 30th day of January, 1856, one Henry Gird died, being the owner in fee simple of certain described real estate in said county, and left him surviving the plaintiff, Margaret, his widow, and John Gird, Laura Gird, and Henry Gird, Jr., and that John Gird and Laura Gird are still living; that Henry Gird, Jr., died on the —— day of ——, 1857; that afterward, on the —— day of ——, the lands of which Henry Gird, Sr., died seized were divided among his said children and the said Margaret, his widow, and that the lands sued for, and particularly described, were set off to said widow; that afterward the said Margaret intermarried with Charles Coulter, January 7th, 1857; and while Margaret was the wife of the said Charles Coulter, on the 18th day of April, 1858, they sold and, by deed of that date, attempted to convey the land set off and assigned to Margaret, as the widow of Henry Gird, Sr., to one Philip Hoop for nine hundred and fifty dollars, which was paid to and received by said Charles Coulter. And at the time of the sale and conveyance Margaret was the wife of said Coulter, and could not and did not convey any title to the land; and that after making said deed, on the —— day of ——, 1865, Coulter died, leaving said Margaret his widow; and that on the 27th day of August, 1870, the plaintiffs were married and are now husband and wife; and that the said Margaret E. Knight, in her own separate right of estate, is the owner of said land in fee simple, and entitled to the immediate possession of the same; and that defendants hold possession thereof without right, and for twelve years last past have wrongfully kept her out of possession. Judgment for possession and one thousand dollars damages, for being kept out of possession, is demanded.

To this complaint there was a demurrer, for want of sufficient facts, sustained, and this ruling presents the only question in the case. Was the complaint sufficient? We think

and hold that it was. In actions for the recovery of real property, it is provided by statute (2 G. & H. 282, sec. 595), that "the plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession." At page 378 of the same book, a form for a complaint in such a case is prescribed by the General Assembly; and at page 373, it is enacted, that "no pleading shall be deemed invalid for want of form, if it contain the substance required by law." This complaint contains all that is required by law, and shows a good title in the plaintiff, Margaret.

The judgment is reversed, at the costs of the appellees, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings.

*E. H. Davis* and *C. Wright,* for appellants.

*B. F. Davis* and *B. F. Love,* for appellees.