THE CITY OF ESKRIDGE v. BETTY LEWIS.

1. NEW TRIAL—*Presumption as to Motion.* Where the record is silent as to the time of filing a motion for a new trial that has been overruled, and the reasons for overruling the same are not stated, the supreme court will presume, for the purpose of upholding the judgment of the trial court, that the motion was not made and filed in due time.

2. PERSONAL INJURIES, *Action for*—*Pleadings*—*Error, Cured.* An action was brought by a married woman against a city to recover for personal injuries resulting from a defective sidewalk, and her husband was joined with her as plaintiff, who sought to recover for the loss of services of the wife. *Held,* That the wife suffered a loss from the injuries sustained which was personal to herself, and that a demurrer to the petition because of misjoinder was well taken; but *held further,* that the dismissal of the husband from the case before its submission cured the error committed in overruling the demurrer.

3. PETITION, *Sufficient.* The allegations of the petition examined, and *held* to be sufficient to constitute a cause of action.

*Error from Wabaunsee District Court.*

ACTION by *Betty Lewis* against the *City,* to recover damages for personal injuries. Judgment for plaintiff. The defendant comes here. The opinion states the facts.

*J. J. Mitchell,* for plaintiff in error.

*Eph. H. Sanford,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action for personal injuries resulting from a defective sidewalk, in which Betty Lewis recovered from the city of Eskridge a judgment for $600. The city asked for a new trial, and based its motion on numerous rulings said to be erroneous, which were made in the course of the trial, but the motion was denied. The defendant in error challenges our right to review these rulings, for the reason that the motion for a new trial was not made within the time prescribed by the code. We find that the record fails to show affirmatively when the motion for a new

trial was made, and no reasons for the refusal of the new trial are stated. It may have been refused because it was not made within the required time. Where the record is silent as to the time of filing a motion which is overruled, and the reasons for overruling the same are not stated, we must presume, for the purpose of upholding the judgment of the court, that it was not made and filed in due time. (*Nesbit v. Hines*, 17 Kas. 316; *Lucas v. Sturr*, 21 id. 480; *Hover v. Tenney*, 27 id. 133; *Railroad Co. v. Johnson*, 47 id. 351.) The failure to file a motion for a new trial must be regarded as a waiver of any errors that may have been committed during the progress of the trial, and hence none of these are before us for consideration. The only matter presented for review is the sufficiency of the petition, which was attacked by a demurrer.

It is first urged that the corporate existence of the plaintiff in error is not sufficiently set forth. In connection with a statement as to the existence of certain streets in the city of Eskridge, it is stated that they have been open and in public use "ever since the organization of said city, in August, A. D. 1887, as a city of the third class." In another portion of the petition it is alleged that the defective walk was "negligently suffered to remain ever since the organization of said city as aforesaid until the day before the last general election." In still other parts of said petition it is described as "said city," and it appears that the date of said organization was prior to the time when the defendant in error suffered the injury of which she complains. We think the petition sufficiently stated the organization and corporate existence of the plaintiff in error.

Another objection to the petition is that there was a misjoinder of parties and causes of action. It appears that Moses Lewis was joined with his wife in bringing the action, and in claiming damages for loss of services, etc., resulting from the injuries suffered by his wife. On this ground the demurrer was well taken, and, if it had not been cured by subsequent proceedings, would require a reversal. The wife suffered a

loss from the injuries which was personal to herself and for which she alone could recover. (*City of Wyandotte v. Agan*, 37 Kas. 528.) The loss of the husband, if he suffered any, was separate and distinct from that sustained by the wife, and hence there was an improper joinder. This error was cured, however, in the early part of the trial by the dismissal of the husband from the case. The inquiry thereafter related solely to the injuries suffered by Betty Lewis, and only for her injuries and loss were damages given.

The final objection to the petition is, that it fails to state facts showing negligence on the part of the city. An examination of the averments satisfies us that they are sufficient to withstand a demurrer. In substance, it is alleged that a piece of sidewalk on a public street of the city was built in such a negligent manner that when a person stepped on the outside of the walk it would tip up and throw the pedestrian to the ground, and that while the defendant in error was passing over the defective walk, without negligence on her part, she was thrown to the ground and seriously injured. Enough is stated to show that the walk was dangerous, and that the injury resulted from the defect. It is said that the city must have notice or knowledge of the defect before a liability arises from resulting injuries. It is true that the petition should allege, either that the city had notice of the defect which caused the injury, or allege facts from which knowledge or notice can be reasonably inferred. In the petition it was stated that the walk in question was negligently constructed, and that the city, well knowing the premises, had negligently permitted it to remain in a defective condition until after the injury occurred. Under these allegations, the city was chargeable with notice of the improper condition of the walk, from the time of its construction until after the injury was sustained. It was not necessary, as plaintiff in error contends, that the plaintiff should negative contributory negligence in her petition. She does state that the injury occurred without negligence on her part; and if this statement had been omitted it would not have been fatal, as contributory negligence is a

matter of defense.  (*Railway Co. v. Pointer*, 14 Kas. 37; *Railway Co. v. Phillibert*, 25 id. 583.)

The record presents no error upon which to base a reversal, and hence the judgment of the court will be affirmed.

All the Justices concurring.