## Moses Lewis v. The City of Eskridge.

City — *Corporate Existence — Pleading.* In an action against a city, its organization and corporate existence are sufficiently alleged by statements as to the public use of streets therein "ever since the organization of said city, in August, A. D, 1887, as a city of the third class."

2. Defective Sidewalk — *Notice — Action for Personal Injuries.* A petition for injuries from a defective sidewalk, alleging that the walk was negligently constructed, and that defendant city, well knowing this, had permitted it to remain in a defective condition until after the accident, charges the city with notice of the defect.

### *Error from Wabaunsee District Court.*

Action by *Moses Lewis* against the *City of Eskridge* for injuries from a defective sidewalk. Judgment for plaintiff, on February 14, 1890, Hon. George G. Cornell, judge *pro tem.*, presiding. Defendant brings error. The petition alleged, in connection with a statement as to the existence of certain streets in the city of Eskridge, that they had been open and in public use "ever since the organization of said city, in August, A. D. 1887, as a city of the third class." It also alleged that the sidewalk where plaintiff was injured was negligently constructed, and that the city, well knowing the premises, had negligently permitted it to remain in a defective

condition until after the injury occurred. Other facts are stated in *City of Eskridge v. Lewis*, 51 Kas. 376.

*E. H. Sanford*, for plaintiff in error.

*Per Curiam:* Only one brief has been filed in this case — that of the plaintiff in error. No oral or other argument has been made in this court by the defendant in error. Upon the authority of *City of Eskridge v. Lewis*, 51 Kas. 376, the judgment of the district court will be reversed, and the cause remanded.