The Chicago, Burlington & Quincy Railroad Company, *Grantee and Assignee of the Burlington & Missouri River Railroad Company in Nebraska*, v. The German Insurance Company, of Freeport, Illinois.

### No. 19.

1. Alleged Errors—*no Review, When.* An appellate court will not review alleged errors occurring upon the trial when the overruling of the motion for a new trial is not assigned for error.

2. Judgment on Pleadings, *Denied.* Where a petition states an equitable cause of action in favor of the plaintiff, but, because of the failure to allege certain facts therein, it appears that there is a defect of parties plaintiff, and after a general demurrer thereto has been overruled an answer is filed, which supplies the allegations which should have been set out in the petition, *held*, that a motion by the defendant for judgment in its favor on the pleadings was properly overruled.

Memorandum.—Error from Washington district court; F. W. Sturges, judge. Action brought by The German Insurance Company, of Freeport, Illinois, against The Chicago, Burlington & Quincy Rail-

road Company, as grantee, etc., for loss by fire. Judgment for plaintiff. Defendant brings the case here. Affirmed. The facts are stated in the opinion herein, filed November 11, 1895.

*W. F. Guthrie*, for plaintiff in error.

*G. W. Barnett*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This action was brought in the district court of Washington county by the defendant in error to recover from the plaintiff in error the amount paid by the insurance company to one Frederick Imhoff on account of a loss by fire which he had sustained through the alleged negligence of the railroad company. A trial was had before the court, a jury being waived by the parties to the action, at the March term, 1891, which resulted in findings in favor of the plaintiff, and judgment was rendered in conformity therewith. The petition in error filed in this court to reverse said judgment contains the following assignments of error :

"1. The said court erred in overruling and refusing to sustain the demurrer of said defendant in said cause to the petition.

"2. The court erred in refusing to render judgment for defendant in said cause upon the pleadings, and for the reasons set forth in the application and motion therefor.

"3. The court erred in receiving testimony offered by plaintiff in said cause over the objection of defendant.

"4. The said court erred in rendering judgment for plaintiff in said cause, for the reason that the same was contrary to law and was not sustained by sufficient evidence, and was contrary to the evidence.

"5. The court erred in rendering judgment for

plaintiff in said cause for the sum of $952, that amount being too large, in any event.

"6. The judgment and findings were for plaintiff in said cause, when they should have been for the defendant, according to the law of the land."

The defendant in error insists that, notwitstanding the record shows that a motion for a new trial was duly filed and overruled, this court cannot review any errors which occurred upon the trial, as the assignments of error do not include the overruling of such motion, and such must be regarded the settled rule of practice in this state. (*Carson v. Funk,* 27 Kan. 524; *Clark v. Schnur,* 40 id. 72; *Landauer v. Hoagland,* 41 id. 520; *City of McPherson v. Manning,* 42 id. 129; *Crawford v. K. C. Ft. S. & G. Rld. Co.,* 45 id. 474; *Binns v. Adams,* 54 id. 615.) The only questions then presented by the record are as to whether or not the court erred in overruling the demurrer to the petition, the motion for judgment on the pleadings, and the objection to the introduction of any evidence under the petition.

If the allegations of the petition are true, the railroad company was liable for the injuries sustained by Imhoff, and the insurance company was in equity entitled to be subrogated to Imhoff's rights to the extent of the indemnity money paid him by it. The railroad company, however, contends that the insurance company could not maintain this action in its own name, as under our statutes, as construed by our supreme court in *K. M. Rly. Co. v. Brehm,* 54 Kan. 751, a right of action against a party for negligently and wrongfully destroying property by fire is not assignable. We cannot concur with counsel for the railroad company that the decision in that case is applicable to the one now before the court, as the insur-

ance company did not sue as an assignee, but by right of subrogation. The policy of insurance issued by the insurance company upon the property destroyed was a contract of indemnity, and the insurance company, upon paying to the assured the amount of the policy, became, without any formal assignment or any express stipulation to that effect, subrogated in a corresponding amount to the assured's right of action against the railroad company, which was responsible for the loss. Under the strict rules of the common law, the right of the insurance company to recover against the railroad company could only be asserted in the name of the assured ; while under our code, which provides that "every action must be prosecuted in the name of the real party in interest," with certain exceptions therein mentioned, which do not apply in this case, such right may in certain cases be asserted by the insurance company in its own name. (*Railway Co. v. Insurance Co.*, 139 U. S. 223 ; 24 Am. & Eng. Encyc. of Law, 306 ; *Insurance Co. v. Railway Co.*, 73 N. Y. 399 ; *Insurance Co. v. Railroad Co.*, 66 Wis. 58 ; *Railroad Co. v. Fire Ass'n*, 55 Ark. 163 ; *Insurance Co. v. Loud*, 93 Mich. 139 ; *Insurance Co. v. Railroad Co.*, 41 Fed. Rep. 643.)

The railroad company further insists that, as it appears from the petition that the amount of the loss sustained by Imhoff exceeded the amount alleged to have been paid him by the insurance company, the action could only be brought by Imhoff alone, or by Imhoff and the insurance company jointly, and that the railroad company could not be compelled to meet the insurance company and Imhoff in separate actions ; and cites, among others, the case of *Insurance Co. v. Railroad Co.*, 20 Ore. 569, where it is held that while an insurance company, after having paid to the owner

under its contract of indemnity a part of the loss sustained by him, thereby acquires a right or interest in the cause of action against the wrong-doer who caused the loss, it has no new and separate cause of action against the wrong-doer who caused the loss, but a joint right or interest with the assured in a single liability, and, united, they are the real parties in interest; and, further, that it is only in cases where the amount paid by the insured exceeded or equaled the value of the property destroyed, and no interest remains in the owner, that the insurer can maintain an action against the wrong-doer in his own name. In *Insurance Co. v. Railroad Co.*, 41 Fed. Rep. 643, Judge Caldwell, in construing a section of the code of Arkansas which provides that all actions must be brought in the name of the real party in interest, asserted the rule to be, that "where the value of the property destroyed exceeds the insurance money paid, then the suit must be brought in the name of the insured"; but, as it was alleged in the complaint in that case that the plaintiff had paid the insured the full value of the property destroyed, it was held that the latter was not a necessary party, and that the action could be maintained in the name of the insurer.

As it appears from the petition in this case that the amount of the loss sustained by Imhoff exceeded the amount paid him by the insurance company, and that the railroad company had failed and refused to pay the same, and no reason was assigned therein for the failure to make Imhoff a party to the action, we are of the opinion that the petition was defective in this respect. The defendant demurred to the petition on the ground "that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against this defendant." This demurrer did not

raise the question as to the defect of the parties to the action. Our code provides that

"The defendant may demur to the petition only when it appears on its face, either, . . . 4th, that there is a defect of parties plaintiff or defendant; . . . 6th, that the petition does not state facts sufficient to constitute a cause of action."

It also provides that

"The demurrer shall specify distinctly the grounds of the objection to the petition, and unless it does so it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action."

The petition stated an equitable cause of action in favor of the plaintiff for the amount which the insurance company paid to Imhoff, and as no objection was raised to the petition on account of the defect of parties, the demurrer thereto was properly overruled.

The allegation in the answer that "the said Imhoff has no claim against this defendant for damages on account of said fire referred to in said petition and had no claim against this defendant at the time of the bringing of this action" cured the defects in the petition, and the railroad company could not thereafter complain that the action was not brought in the name of Imhoff, or that he was not joined with the insurance company as plaintiff. Had not the reply of the plaintiff put in issue the other allegation in the answer, that "this defendant settled with and paid to the said Imhoff the damages he had sustained by reason of said fire long prior to the time that the plaintiff alleges that it paid the insurance money to the said Imhoff," the defendant would have been entitled to judgment on the pleadings; but that issue was properly joined by the general denial in the re-

ply, which also alleged " that the insurance policy was valid and in full force, and a valid claim against the insurance company at the time it paid Imhoff the amount sued for in this action." We think, under the entire pleadings, a cause of action was stated in favor of the plaintiff, and that the motion made by the defendant for judgment on the pleadings, as well as the objection to the introduction of any evidence, was properly overruled.

No errors appearing in the record of which this court can take cognizance, it follows that the judgment must be affirmed.

All the Judges concurring.