WANAMAKER & BROWN, *a Corporation*, v. THE MANUFACTURERS' NATIONAL BANK.

NO. 19.

1. APPEAL—*New Trial—Presumption.* Where it cannot be ascertained from the record brought to this court that the motion for a new trial was filed within the time required by law, it will be presumed, for the purpose of upholding the judgment of the trial court, that such motion was not filed within the statutory time.

2. ——— *Assignment of Errors.* Where the errors complained of for which a new trial was asked occurred at the trial, the complaining party will not be entitled to have the proceedings of the trial court reviewed, unless the overruling of such motion is specifically assigned for error.

MEMORANDUM.— Error from Leavenworth district court; ROBERT CROZIER, judge. Action by Wanamaker & Brown, a corporation, against The Manufacturers' National Bank to recover an alleged indebtedness of $912.94. Judgment for defendant. Plaintiff brings

the case to this court. Affirmed. The opinion herein, filed December 14, 1895, states the material facts.

*William A. Porter*, for plaintiff in error.

*Lucien Baker*, and *William C. Hook*, for defendant in error.

The opinion of the court was delivered by

CLARK, J. : The petition in error in this case contains the following assignments of error :

"1. Errors of law occurring at the trial, and excepted to by the plaintiff.

"2. Irregularity in the proceedings of the court and prevailing party, by which plaintiff was prevented from having a fair trial.

"3. The verdict and ruling are not sustained by the evidence and are contrary to law.

"4. Error in sustaining the demurrer to evidence, and refusing to let the case go to the jury."

The trial court sustained a demurrer to the evidence of the plaintiff, upon the ground that the evidence did not show facts sufficient to constitute a cause of action in behalf of the plaintiff and against the defendant, and the jury were discharged from the further consideration of the case, to which rulings of the court the plaintiff duly excepted, and gave notice of a motion for a new trial, which motion was thereafter filed. The grounds upon which the application was based were, that the plaintiff was prevented from having a fair trial in consequence of the order of the court discharging the jury and sustaining defendant's demurrer to the evidence, and that errors of law occurred at the trial which were duly excepted to by the plaintiff.

It will be seen from the foregoing that the alleged errors occurred at the trial, and, although a motion

for a new trial, in which the alleged errors were pointed out, was overruld by the court, we cannot say that the court erred in this ruling. The demurrer to the evidence was sustained on October 7, 1890, while the ruling on the motion for a new trial was not made until November 8 thereafter; and, for aught that appears in the record, this motion may have been overruled because it was not filed within the statutory time. The defendant in error, however, insists that no question based upon the proceedings of the trial court is presented for our consideration, as the assignments of error do not include the action of the court in overruling the motion for a new trial. Where the only errors complained of for which a new trial was asked occurred at the trial, the overruling of such motion must be specifically assigned for error, or the complaining party will not be entitled to have the proceedings of the trial court reviewed. (*Clark v. Schnur*, 40 Kan. 72; *Binns v. Adams*, 54 id. 615; *C. B. & Q. Rld. Co. v. German Ins. Co.*, ante, p. 395, 42 Pac. Rep. 594.)

It therefore follows that the judgment must be affirmed.

All the Judges concurring.