## J. U. CARSON v. MAY BUTT.

1. MOTION FOR A NEW TRIAL—*Absence of.* This court will not consider assignments of error which involve questions of the weight and sufficiency of evidence and matters occurring on the trial of the cause in the absence of a motion for a new trial filed in the court below.

2. COMPLAINT—*Sufficiency of, in an Action to Recover Possession of Real Property.* Where a complaint filed under the Code of 1890 sets out the interest of the plaintiff in real property, describes the premises and alleges that defendant unlawfully obtains and holds possession, and in addition thereto, sets forth fully all the facts necessary to entitle him to possession, *held,* sufficient upon which to base a judgment in favor of plaintiff for possession.

3. PRAYER—*Sufficient.* A prayer in a petition being a matter of form, the demand for relief may be amended.

4. AMENDMENTS. Averments which might have been amended below, on motion, will in the supreme court be deemed to have been made.

*Error from the District Court of Pottawatomie County.*

Action brought April 15, 1892, by J. U. Carson to have May Butt declared a trustee for his benefit in certain real estate situated in Tecumseh, Pottawatomie

county. Judgment below in favor of Carson. Butt brings up the case. The opinion states the facts.

J. L. Brown, for plaintiff in error.

J. H. Woods, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: April 15, 1892, J. U. Carson filed in the district court of Pottawatomie county, his complaint against May Butt, alleging, in substance that he settled and made valuable improvements upon a certain town lot situated in Tecumseh, Pottawatomie county. That the deed to said lot had been improperly awarded to said Butt, by the board of townsite commissioners, acting for the townsite of Tecumseh, and asked that Butt be adjudged to hold the legal title to the lot, in trust for the use and benefit of Carson. To this complaint, Butt answered fully, and after reply by Carson, an issue of fact was duly joined between the parties, growing out of their respective claims of settlement, occupancy and improvements upon said lot. By stipulation it was agreed between the parties that the testimony of the witnesses should be taken before a notary public, and thereafter submitted to the court upon argument of counsel and the testimony so adduced. All of which was done, and on May 14, 1894, the court rendered judgment for the plaintiff below, finding him to be the equitable owner of the lot in controversy, awarding him the possession thereof, and directed the defendant below to convey the legal title, within five days, in accordance with the judgment, and in case of a failure upon her part to so convey, appointed the clerk of the court a commissioner to make such conveyance. No motion for a new trial was filed in the trial court. The defendant below

brings the case here upon an assignment of numerous errors, which, with one exception, involve questions of the weight and sufficiency of evidence and matters occurring on the trial of the cause in the court below.  None of these alleged errors can be considered in the absence of a motion for a new trial.  (*The City of Atchison v. Byrnes*, 22 Kan. 65; *Decker v. House*, 30 Kan. 614, and cases therein cited.)

The only question which this court may consider is that contained in the sixth assignment of error, which is as follows:

"The district court erred in ordering the removal of the defendant Butt from said lot in this: The matter of removal was not in issue.  And for the further reason that it being made to appear that the defendant had valuable improvements on said lot, the order for her removal could not go until her right as an occupying claimant was adjusted, and said decree allowed no opportunity so to do, and did not provide for adjusting said right."

This assignment of error attacks the sufficiency of the pleading to sustain the judgment rendered in the case, and should be considered with that end in view.  This case was instituted under the Code of 1890.  The sufficiency of the complaint was not attacked in any manner in the court below but to the complaint the defendant filed an answer, wherein she specifically controverted all questions of fact set out in the complaint, and then fully set out her own claim to the lot by showing her settlement, occupancy and improvements, and further alleged that plaintiff below was not qualified to enter such lot by reason of the fact that he was not a resident or occupant of the townsite of Tecumseh.  The reply of plaintiff below traversed in full the affirmative matter set forth in the answer and the cause was by both parties submitted

to the trial court, to be determined upon the equities of the parties as shown by the evidence.    Under this state of pleadings and submission of the cause, the judgment should go to that extent necessary to give adequate relief.    Article 32, ch. 70, Code of 1890, under which this action was brought, provides for bringing a suit for possession of real property.    The complaint is sufficient if it states "that the plaintiff is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession."  (Article 32, *supra*, *Knight v. McDonald*, 37 Ind. 463.)

The complaint sets out the interest of plaintiff, describes the premises, and alleges that defendant unlawfully obtained possession thereof, and keeps the plaintiff out of possession, and in addition to such direct allegations, sets forth fully all the facts which are necessary to entitle him to the possession of the premises.    While it does not in specific terms allege that he is entitled to the possession of the premises, yet by a showing of facts, the same fully appears, and such facts so pleaded should be given as much force as if the plaintiff had merely alleged a conclusion.    We hold, therefore, that the petition upon its face was sufficient under the code then in use to entitle the plaintiff to a judgment for possession.    (*Smith v. Kyler*, 74 Ind. 575.)

It is true that the prayer of the complaint does not ask for possession, but a prayer for judgment is only a matter of form.    (*Lowry v. Dutton*, 28 Ind. 473; *Bennett v. Preston*, 17 Ind. 291; *Baker v. Armstrong*, 57 Ind. 189.)

And the demand for relief may be amended at any time.    (*Billingsley v. Dean*, 11 Ind. 331.)

Averments which might have been amended below on motion, to correspond with the proof, will in the supreme

court be deemed to have been made. (*Lucas v. Smith*, 42 Ind. 103; *Hamilton v. Winterrowd*, 43 Ind. 393; *Krewson v. Cloud*, 45 Ind. 273; *Scheibler v. Law*, 65 Ind. 332; *Kurtz v. Howard*, 70 Ind. 174.)

As we view this case there is nothing in the contention of appellant growing out of her claim under the occupying claimants' act, for the reason that we have nothing before us showing that she has ever preferred such claim in the court below. Section 622, ch. 66 of our Code provides that "the court rendering judgment in any case   *   *   *   *   against the occupying claimant, shall at the request of either party, cause a journal entry thereof to be made; and the sheriff and clerk of the court, when thereafter required by either party, shall meet and draw from the box a jury of twelve men," etc. There is nothing in the record showing that this procedure has been complied with, and until the lower court has had an opportunity to pass upon this question it is not properly before us.

This appeal was first filed in this court December 31, 1894, and while the same was pending undetermined, the appellant filed a motion to have the decision withheld until the court below passed upon a petition for a new trial therein filed. Such petition was denied, and inasmuch as counsel for appellant has failed to point out any error in denying the petition for a new trial we will not consider such matter.

Scott, J., having presided in the case below, not sitting; all the other Justices concurring.