JOSEPHINE SMITH v. HENRY J. J. WEGE *et al.*
No. 125.

NEW TRIAL, *Denied—Review.* This court cannot review the rulings of the district court denying a motion for a new trial, based upon the ground that the verdict was not sustained by the evidence, when the record fails to show that the reason for such ruling may not have been that the motion was not filed in time.

MEMORANDUM.—Error from Wabaunsee district court; WILLIAM THOMSON, judge. Action by Josephine Smith against Henry J. J. Wege and wife to foreclose a mortgage. Judgment for plaintiff as against defendant Henry J. J. Wege. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed April 1, 1896, states the material facts.

*H. Aylmer Coates*, for plaintiff in error.

*D. C. Tillotson*, for defendants in error.

The opinion of the court was delivered by

GARVER, J. : The plaintiff in error, Josephine Smith, brought this action in the district court of Wabaunsee county against Henry J. J. Wege and wife, on a note and mortgage alleged to have been executed by them. The execution of the instruments sued upon was denied under oath ; and, on the issues thus raised, the jury found that the note and mortgage were executed by the defendant Henry J. J. Wege, but not by his wife. The verdict of the jury was returned and filed October 12, 1891. October 17, 1891, the court overruled a motion for a new trial made by the plaintiff, and judgment was thereupon rendered upon the verdict of the jury, in favor of the plaintiff and against Henry J. J. Wege, for the amount of the note, the mortgage being held void for the reason that the land

included therein was the homestead of the defendants.

It is contended by the plaintiff in error that the verdict of the jury is not sustained by the evidence, and that the trial court erred in overruling the motion for a new trial. On the part of the defendant in error, it is contended that this court cannot review the rulings of the court occurring upon the trial of the case, for the reason that it is not shown that a motion for a new trial was made in time to save any errors committed. The errors alleged, having occurred upon the trial of the case, cannot be considered by this court, unless they were properly saved by a motion for a new trial. There is nothing in the record which even suggests the date of the filing of the motion for a new trial, or that a written motion was filed at any time. The only reference to such motion is the statement that, on October 17, 1891 (five days after the verdict was filed), a motion for a new trial was heard and overruled by the court. From anything that appears in the record, it may be presumed that the motion was overruled because not filed in time. Unless filed within three days after the verdict was returned, any objection based upon the ground that the verdict was not sustained by the evidence must be deemed to have been waived. It would therefore not be error for the trial court to overrule such a motion if not presented or filed within three days after the return of the verdict. Repeated decisions of the supreme court have settled this question beyond controversy. The general rule, as applicable to this case, is stated in the syllabus in *City of Eskridge v. Lewis*, 51 Kan. 376, as follows :

"Where the record is silent as to the time of filing a motion for a new trial that has been overruled, and the reasons for overruling the same are not stated, the

supreme court will presume, for the purpose of upholding the judgment of the trial court, that the motion was not made and filed in due time."

Again, in *Brewing Association v. Wolff*, 53 Kan. 323, the syllabus states the same rule in these words :

"Error cannot be predicated upon the overruling of a motion for a new trial where the record fails to show that such motion was filed within three days after the judgment was rendered."

It is with extreme reluctance that we abstain from a decision upon the merits of this case.   A careful review of the record and a critical examination of the evidence convince us that the verdict is wrong, and a motion for a new trial, if made and filed in time, should have been sustained.   The evidence upon which the jury found that the note and mortgage had been signed by one of the defendants was substantially the same as that upon which they released the other.   In the light of the verdict, it is difficult to avoid the conclusion that the jury must have believed that Henry J. J. Wege attempted to defeat the plaintiff's action by testimony which was deliberately false and perjured.   It does not seem possible that any reasonable person could impartially consider the evidence, and arrive at any other conclusion than that the note and mortgage in question were executed by both defendants.   The injustice of the verdict becomes more apparent from the fact that the money obtained upon the security of this mortgage was used to discharge and release a prior mortgage upon the same premises.   As an appellate court, however, we are compelled merely to pass upon the correctness of the ruling of the court upon the motion for a new trial.

As error in this ruling is not affirmatively shown,

for the reasons above stated the judgment must be affirmed.

All the Judges concurring..