H. C. MASTERS, *Sheriff*, v. DEBORAH WINFIELD.

(Filed July 30, 1898.)

1. NEW TRIAL—*Motion—Time of Filing—Presumption.* Where the record brought to this court is silent as to the time of the filing of the motion for a new trial which has been overruled, and the reasons for overruling the same are not stated, the supreme court will presume, for the purpose of upholding the judgment of the trial court, that the motion was not made and filed in due time.

2. SAME—*Error.* Error cannot be predicated upon the overruling of the motion for a new trial, where the record fails to show that such motion was filed within three days of the rendering of judgment or decision.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*E. L. Peckham* and *C. J. Peckham,* for plaintiff in error.

*Madden & Buckman,* for defendant in error.

Action between Deborah Winfield and H. C. Masters, sheriff of Kay county. From the judgment rendered, Masters brings error. Dismissed.

Opinion of the court by

McATEE, J.: This cause was tried on the 26th and 27th days of August, 1896, the verdict having been received upon the 27th day of August, 1896, and judgment rendered upon the verdict upon that day. A motion for a new trial was overruled by the court on the 9th day of October, 1896. No reasons are set forth in the general order of the court overruling the motion by which the grounds of such ruling are specified. There is no evidence of an "application" for a new trial in the record,

either by any recitation or statement in the record from which it is made to appear that the motion was ever filed in the case; and the demand of the defendant in error is that the petition in error fails to set forth any ground upon which the court here may act, since errors occurring at the trial must be brought to the attention of the court by "application" for a new trial within three days after the verdict or decision was rendered; the contention being that, inasmuch as the right of a new trial is under and by reason of the statutory provisions alone, the application must be clearly within the express provisions of the statute, and the grounds upon which the motion will be heard must therefore appear affirmatively in the record, the provision now in question being that the application shall be within three days after the verdict or decision. This view has been uniformly declared in the supreme court of Kansas.

It was said in *City of Eskridge v. Lewis*, 51 Kan. 376, 32 Pac. 1104, that, where the record is silent as to the time of filing of the motion for a new trial, which has been overruled, and the reasons for overruling the same are not stated, the supreme court will presume, for the purpose of upholding the judgment of the trial court, that the motion was not made and filed in due time; and in *Hover v. Tenney*, 27 Kan. 133, that "where the motion for a new trial for errors occurring during the trial is filed after the verdict and judgment, and the record is silent as to the time of filing of the motion, and it appears that the motion was heard thirteen days after the verdict and judgment were rendered, and no reason is assigned for any delay in the filing of the motion, it will be presumed by the supreme court, for the purpose of up-

holding the judgment of the court below, and the ruling of the court in overruling such motion upon the hearing thereof, that the motion was not made in due time, and therefore the court below did not err in overruling it;" and in *Association v. Wolff*, 53 Kan. 323, 36 Pac. 711, that "error cannot be predicated upon the overruling of a motion for a new trial where the record fails to show that such motion was filed within three days after the judgment was rendered."

No matters were assigned as error which were not properly comprehended within the motion for a new trial. Other cases are *Lucas v. Sturr*, 21 Kan. 480; *Gruble v. Ryus*, 23 Kan. 195; *Carson v. Butt*, 4 Okl. 133, 46 Pac. 596; *Chicago B. & Q. R. Co. v. German Ins. Co. of Freeport.* (Kan. App.) 42 Pac. 594.

The petition in error will therefore be dismissed, no matters being presented to the court which properly bring the case here for review.

All of the Justices concurring.