**EASTWOOD et al. v. CLINKSCALES.**

No. 9896—Opinion Filed March 1, 1921.

Rehearing Denied April 26, 1921.

(Syllabus.)

1. **Appeal and Error—Review—Necessity for Motion for New Trial.**

A party cannot have errors of law occurring at the trial reviewed by this court, unless he has made a legal and sufficient motion for a new trial, presenting the matter complained of to the trial court.

2. **Appeal and Error—Persons Entitled to Appeal.**

It is necessary, in order to maintain an appeal or writ of error, that appellant shall be injuriously affected or aggrieved by the judgment, order, or decree complained of; therefore, one cannot appeal from a decision, however erroneous, which does not affect his substantial rights.

3. **Equity—Powers—Scope of Relief.**

A court of equity, looking beyond the mere form of things to their substance, has power to decree such relief to the parties as appears just and right and as best calculated to protect their rights as justified under the pleadings and evidence.

4. **Same—Multiplicity of Suits.**

The spirit of the Code of Procedure requires that, in so far as possible, all con-

troversies and equities concerning a particular subject-matter shall be determined in one proceeding.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by C. M. Clinkscales against A. J. Eastwood and W. C. Hester for possession of land and for damages. Judgment for plaintiff, and defendants bring error. Affirmed.

Mounts & Davis, B. L. Tisinger, and S. K. Bernstein, for plaintiffs in error.

Wilson & Roe, for defendant in error.

PITCHFORD, J. On February 26, 1917, defendant in error, as plaintiff, began this action in the district court of Tillman county against plaintiffs in error, as defendants, for the possession of certain lands described in the petition, and for damages for withholding possession of the same. Hereafter, for convenience, the parties will be referred to as they appeared in the trial court.

It was alleged in the petition that the plaintiff had a leasehold interest and estate for a term of five years in and to the lands, beginning January 1, 1916, and had been entitled to the possession of the same since said date; that said interest was acquired by virtue of a written contract with defendant Eastwood; that the defendants were withholding possession of said land from plaintiff; that defendant Hester, if he had any right, title, or interest in said lands, held the same by virtue of some contract or permission from said Eastwood, which was to plaintiff unknown.

The petition further alleged that the defendants had appropriated the rents, profits, and benefits from the land for the years 1916 and 1917. The prayer of the petition was for judgment against the defendants for possession of the land and for $3,000 damages, and for costs and all proper relief. Defendant Eastwood failed to answer, and was adjudged in default. Defendant Hester's answer was a general denial.

Thereupon, a jury was empaneled to try the issues in the case between plaintiff and defendant Hester. After hearing the evidence and instructions of the court, the jury returned the following verdict:

"We, the jury empaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find for the defendant Hester."

The plaintiff filed motion for new trial. Before the court had passed upon this motion, plaintiff asked permission to temporarily withdraw his motion for new trial,

which permission was granted, and thereupon moved the court that judgment be rendered in his favor for possession of the premises, beginning January 1, 1918, and thereafter until the termination of his lease as set forth in the petition. This motion was sustained, to which ruling the defendant excepted and gave notice of appeal.

Judgment was rendered in favor of the plaintiff against Eastwood for the possession of the land sued for from the 1st day of January, 1916, to the 1st day of January, 1921, and quieted the title of the plaintiff to the lands for a period of five years, and that against the defendant Eastwood, the plaintiff have and recover possession for the said period of time.

The following findings were made by the court:

"That the evidence does not tend to show any valid lease in favor of the defendant Hester beyond the 1st day of January, 1918, and that the verdict of the jury aforesaid does not determine any of the rights of the parties beyond the present possession of defendant Hester under his one-year lease ending on the 1st day of January, 1918; and that on and after said date the plaintiff Clinkscales, is entitled to possession of the said described lands against both defendant, A. J. Eastwood, and defendant, W. C. Hester.

"It is accordingly by the court ordered, adjudged and decreed that the defendant, Hester, do have and recover judgment of and against the plaintiff, Clinkscales, for possession of the said lands, under his one year's lease, ending December 31, 1917; it is further ordered, adjudged and decreed that plaintiff, C. M. Clinkscales, do have and recover possession of the said lands on and after January 1 1918, during the period of his lease ending on December 31, 1920; and the title, right and possession of the said Clinkscales in and to said lands for the said period is hereby confirmed and quieted against both the defendants and all persons claiming or to claim under them or either of them and the costs of this action taxed to defendant."

Thereafter, the defendant Hester filed his motion denominated "Motion to Modify Judgment," as follows:

"That said judgment in so far as it attempts to give the plaintiff possession of the land herein sued for after the 1st day of January, 1918, be modified and that that part of said judgment is null and void and the court is without jurisdiction to render said judgment on a general verdict for the defendant, such as was returned in this cause; and said court has no jurisdiction to render any judgment on said verdict except a general judgment for the defendant for the possession of the real estate in question."

This motion was by the court overruled. to which ruling the defendant Hester excepted and gave notice of appeal.

It is the contention of the defendant that the plaintiff's right to a recovery depended upon his right of possession when the action was commenced; that the basis of an action of this nature is the right to the possession, as well as a legal estate in the lands sued for. There would be merit in this contention if the action had been against Hester as the sole defendant, but when Eastwood was joined as a party defendant, and the plaintiff prayed for general relief, the proceeding in some respects was converted into an equitable action, but not to the extent of depriving defendant Hester of the right to have a trial by jury.

There is no attack on the correctness of the judgment rendered against Eastwood, and the judgment, in so far as his interests are involved, has become final. Consequently, the only question before this court for decision is: Whether or not the court committed error in refusing the motion filed by the defendant Hester to modify the judgment. The petition filed by the plaintiff does not, in detail, set up the claims of the defendants, and the prayer of the plaintiff does not specifically ask for an adjudication of the claims of the defendants. However, there are allegations in the petition as to the interest of the plaintiff and the adverse claims of the defendants, and while the prayer is specifically for possession of the premises, it also contains prayer for general relief.

The defendant failed to file any motion for new trial; consequently, we are not authorized to review the evidence. A motion for new trial is essential to have sufficiency of evidence reviewed. Carson v. Butt, 4 Okla. 133, 46 Pac. 596.

The trial court made certain findings of fact, upon which the judgment was based, and we are to presume, nothing to the contrary appearing, that there was sufficient evidence to justify the judgment rendered. The logical conclusion to be drawn from the judgment of the court is: That Clinkscales held a five-year lease from the defendant Eastwood, but was out of possession, and that defendant Hester was in possession under claim of some kind of right through Eastwood. The lease from Eastwood to Clinkscales was valid and binding as against Eastwood, but as between Clinkscales and Hester, Hester had the right of occupancy of lands to the 31st of December, 1917. In that situation, the court rendered judgment against Eastwood, validating the Clinkscales lease in toto, but holding that as to Hester the

lease was only effective after the expiration of his rights to the land.

If the defendant Hester was only claiming an interest in the lands, which would terminate on the 31st of December, 1917, he would not be affected by any judgment quieting the title of the plaintiff and the right to possession of the premises at a time after his interest in the premises had ceased. Our attention has not been called to any fact disclosing that the defendant Hester is in any way injured or affected by the judgment of the court. By the judgment rendered, in the absence of a motion for a new trial, we are to presume he secured all the affirmative relief he demanded; therefore, he is not in any position to complain. Cargile v. Union State Bank et al., 40 Okla. 506, 139 Pac. 701; Blandin's Administrator et al. v. Benjamin P. Wade, 20 Kan. (2d Ed.) 251; Page v. Havens (Kan. App.) 60 Pac. 1096.

The court had jurisdiction of the subject-matter, and of the parties, and equity, looking beyond the mere form of things to their substance, has power to decree such relief to the parties as appears just and right and as best calculated to protect their rights as justified under the pleadings and evidence. Foster et al. v. Hoff et al., 37 Okla. 144, 131 Pac. 531.

The spirit of the Code of Procedure requires that, in so far as possible, all controversies and equities concerning a particular subject-matter shall be determined in one proceeding. Lamb v. Alexander et al., 74 Oklahoma, 179 Pac. 587.

We conclude that the judgment of the trial court should be affirmed, and it is so ordered

HARRISON, C. J., and McNEILL, NICHOLSON, and ELTING, JJ., concur.