### BUCHANAN et al. v. FANT.

No. 13973—Opinion Filed March 31, 1925.

Petition for Rehearing Withdrawn June 25, 1925.

**Appeal and Error—Review—Necessity for Motion for New Trial.**

"A party cannot have errors of law oc-

curring at the trial reviewed by this court, unless he has made a legal and sufficient motion for a new trial, presenting the matter complained of to the trial court." Eastwood et al. v. Clinkscales, 82 Okla. 52, 197 Pac. 455.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by J. R. Fant against R. L. Buchanan et al. Judgment for plaintiff, and defendants appeal. Appeal dismissed.

John A. Haste and G. W. Long, for plaintiffs in error.

John T. Young, John C. Powell, and Ross & Thurman, for defendant in error.

Opinion by SHACKELFORD. C. The parties will be referred to herein as they appeared in the trial court.

The plaintiff, J. R. Fant, brought action against the defendants, R. L. Buchanan, J. W. Runyons, W. W. Brown, John A. Haste, and P. W. Jones, seeking recovery on a promissory note for the sum of $3,000, dated January 21, 1921, payable August 1, 1921, with interest from maturity at the rate of 10 per cent. per annum, payable semiannually, and for an attorney's fee of $300 as provided by the said note. The defendants answered by general denial, and by a plea that there had been a usurious interest charge in the sum of $7.91. They pray judgment for $15.82, double the amount of the usurious interest charged, and for an attorney's fee of $100.

Judgment went for the plaintiff according to the prayer in his petition, including the $300 attorney's fee, with the exception that the defendants were allowed a credit of $15.82, the amount prayed for by defendants on account of the usurious charge of interest. The defendants have appealed to this court.

At the outset we are confronted with the motion of the defendant in error to dismiss the appeal. The ground for the motion is that the judgment in the cause was rendered pursuant to a hearing on the merits, and that the defendants failed to file a motion for new trial, and this court is, therefore, without jurisdiction to consider the specifications of error urged in the petition in error. On the other hand, it is the contention of the plaintiffs in error that the judgment of the court was, in effect, a judgment on the pleadings, and for that reason a motion for new trial was unnecessary. An examination of the record discloses that after the answers of the defendants were filed, the plaintiff filed a motion for judgment against defendant Brown, on the amended answer and counterclaim, and also filed a separate motion for judgment against the other defendants. We are unable to find anything in the record that would indicate that these motions were ever acted upon by the court. The journal entry filed in the cause recites that the court made certain findings of fact. No reference is made to the motions for judgment on the pleadings. The findings of fact must have been based upon evidence or admissions of the parties made in open court. When findings of fact were made in the journal entry of judgment, the presumption is that there was sufficient evidence to justify the judgment rendered. In Eastwood et al. v. Clinkscales, 82 Okla. 52. 197 Pac. 455, the court said:

"The trial court made certain findings of fact, upon which the judgment was based, and we are to presume that there was sufficient evidence to justify the judgment rendered."

Under the circumstances here presented, it cannot be said that the court rendered judgment upon the pleadings. Therefore, the judgment must have been rendered after a hearing upon the merits. That being true, it was incumbent upon the defendants to file a motion for new trial in order to entitle them to have the cause reviewed in this court. This they failed to do. It therefore follows that the motion to dismiss the appeal is well taken, and must be sustained. Eastwood v. Clinkscales, supra.

It is therefore recommended that the appeal be dismissed.

By the Court: It is so ordered.