### McVEY v. COMMISSIONERS OF LAND OFFICE et al.

No. 17391—Opinion Filed March 29, 1927.

(Syllabus.)

**Appeal and Error—Review—Necessity for Motion for New Trial.**

A party cannot have errors of law occurring in the trial reviewed by this court unless he has made a legal and sufficient motion for new trial presenting the errors complained of to the trial court.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action between F. M. McVey and the Commissioners of the Land Office of the State of Oklahoma. From judgment of the trial court dismissing the appeal from a decision of the Commissioners of the Land Office to the District Court of Alfalfa County, McVey appeals. Dismissed.

Guy D. Talbot, for plaintiff in error.

George E. Merritt, for defendants in error.

PER CURIAM. From the decision of the Commissioners of the Land Office made on September 28, 1923, wherein the said commissioners awarded the lease rights and improvements upon the northeast quarter of section 33, township 27 north, range 11 west, to J. S. Meridith after having duly advertised the same for sale, upon condition that the former lessee, F. M. McVey, might redeem the same within 15 days. the said F. M. McVey appealed to the district court of Alfalfa county.

The issue was submitted to the trial court, statement of counsel for plaintiff in error was made and the record in the trial court examined, from which a finding of facts was made and inncorporated in the journal entry by the trial court and judgment rendered thereon dismissing the appeal.

The plaintiff in error appealed from the judgment of the trial court without presenting the alleged errors to the trial court for review, by motion for new trial.

In the case of Buchanan v. Fant. 110 Okla. 206, 238 Pac. 962, this court said:

"Where findings of fact were made in the journal entry of judgment, the presumption is that there was sufficient evidence to justify the judgment rendered."

To the same effect is the case of Eastwood et al. v. Clinkscales, 82 Okla. 52, 197 Pac. 455, in which it is said:

"The trial court made certain findings of fact upon which judgment was based. and we are to presume, nothing to the contrary appearing, that there was sufficient evidence to justify the judgment rendered."

In the case of Buchanan v. Fant, supra, the court said:

"Therefore the judgment must have been rend.red after a hearing upon the merits. That being true, it was incumbent upon the defendants to file a motion for new trial in order to entitle them to have the cause reviewed in this court. They failed to do so. It therefore follows that the motion to dismiss the appeal is well taken and must be sustained."

In the instant case the record was examined, the opening statement of counsel was made, from which the court, without objection from plaintiff in error, made a finding of facts, upon which the judgment was rend-ered. and which finding of facts was incorporated in the journal entry of judgment, and following the cases above cited, we are to presume the record and the statement of

facts by counsel for plaintiff in error presented to the trial court a state of facts sufficient to justify the judgment rendered, and under such a state of the case the judgment must have been rendered after a hearing upon the merits of the case. That being true, a motion for new trial was necessary in order to entitle the plaintiff in error to have the cause reviewed in this court. No motion for new trial having been filed. thereby bringing the alleged error to the attention of the trial court, the plaintiff in error is not entitled to have such alleged errors reviewed in this court, and this cause is hereby dismissed.

Note.—See 3 C. J. p. 963, §850; 2 R. C. L. p. 98; 1 R. C. L. Supp. p. 395; 5 R. C. L. Supp. p. 70; 6 R. C. L. Supp. p. 76.