NEALE <em>vs.</em> NEWLAND.

Where a surety in a note takes it up, after it is due, and cancels it by giving his own note, which is accepted by the creditor, this is equivalent to payment of the first note, and will support a count for money paid, laid out, and expended.

THIS was an action of debt, determined in the Randolph Circuit Court, in April, 1842, before the Hon. THOMAS JOHNSON, one of the circuit judges. Newland commenced his action, by writ of attachment. The first count in the declaration, was on a promissory note. The second count was for $500, for so much money by Newland laid out and expended for the use of Neale. Neale demurred to the declaration. Demurrer was sustained as to the first count, and overruled as to the second. Issue was then joined, upon the plea of *nil debet*, and jury came, verdict and judgment against Neale, for $425 debt, and $38 25 damages. On the trial, it was proved that Newland was security for Neale, in a note to the State Bank, payable at the

Branch at Batesville, for $425, and that after the note fell due, New-
land voluntarily went to the bank, and either gave his own note for
the whole, or paid the bank a part, and gave his own note for the ba-
lance; which new note and payment the bank received as full pay-
ment of the first note, and canceled it. There was no proof that
Neale requested Newland to pay it. Neale then moved the court,
for the following instructions: 1st, That to enable plaintiff to recover
on the second count, he must prove the actual payment of money.
2d, That giving a note, will not support a count for money paid, laid
out, and expended, for the use of Neale. 3d, The jury must find a
request, to enable the plaintiff to recover; which instructions the court
refused to give. The court then proceeded to instruct the jury, that
if the jury found that Newland had paid any thing that was equiva-
lent to money, it was so much money paid to the use of Neale; that
if Newland was security for Neale, and, after the note fell due, and
was protested by the bank, Newland voluntarily paid it, by giving
another note, which was received in full payment of the first note, it
would sustain the declaration. All of which was duly excepted to,
and spread upon the record, and Neale appealed.

*Fowler* for the appellant. It is indispensable, in order to sustain the
allegation of money paid, that proof of *actual payment of money* should
be proved. The payment of bank notes, bills, or of promissory notes,
which are property, will not sustain the allegation. It should have
been a special count upon the particular advance made, setting out
the liability, the request to pay, and the actual settlement and satis-
faction by note, &c. *Lucket vs. Buchannon,* 3 *Bibb Rep.* 378. *Da-
na vs. Barrett,* 3 *J. J. Marsh. Rep.* 6. *Sparks et Ux. vs. Simpson's
Adm'r, ib.* 110. *Buford vs. Barton, ib.* 431. *Owings vs. Owings,
ib.* 590. *Phelps vs. Hart,* 1 *J. J. Marsh. Rep.* 505. *Pritchard vs.
Ford, ib.* 544. *Wickliffe vs. Davis,* 2 *J. J. Marsh. Rep.* 69. *Night-
ingale et al. vs. Devisme,* 5 *Burr. Rep.* 2592. *Utterson vs. Vernon,*
3 *Durn. & E.* 543.

Bank notes are not money; they are property. *A fortiori,* promis-
sory notes are property, and not money. *Dana vs. Barrett,* 3 *J. J.
Marsh.* 6. *Boswell vs. Clarksons,* 1 *J. J. Marsh. Rep.* 49. *Fleming*

*vs. Campbell, ib.* 499. *Wickliffe vs. Davis,* 2 *J. J. Marsh. Rep.* 70. 4 *Monroe's Rep.* 108.

A money count cannot be sustained, by evidence that " money and a promissory note" were received, &c. *Wickliffe vs. Davis,* 1 *J. J. Marsh.* 544. 2 *J. J. Marsh. Rep.* 69.

It was absolutely necessary that the note should be produced on the trial, or its loss established. This failing, there was no sufficient evidence before the jury, upon which to base the verdict. Oral testimony of its contents, was inadmissible. *Morgan vs. Reintzel,* 7 *Cond. Rep.* 304. 2 *Cond. Rep.* 486. *Williams vs. Brummell, ante.*

In a suit against the maker of a promissory note, by an endorser, who had been obliged to take it up, the plaintiff must produce the note on the trial. 2 *Cond. Rep.* 486.

The statute does not at all change these principles. *New Code, p.* 723, *sec.* 5.

*W. Byers,* contra. The court proceeded properly upon the second count. A demurrer, by our practice, is joint and several; and if one count is good, and another bad, it should be sustained as to the one, and overruled as to the other. *Sumner vs. Ford & Co.* 3 *Ark.* 389. The court correctly overruled the demurrer to the second count. 1 *Saund. on Pl. & Ev.* 409.

The evidence was sufficient to support the count, and the instructions given by the court were correct. *Norris vs. Napper,* 2 *Lord Raym.* 1007. *Barclay vs. Gooch,* 3 *Esp. N. P. Cases,* 571. *Floyd vs. Day,* 3 *Mass. Rep.* 403. 11 *J. R.* 469. 9 *J. R.* 96. 2 *Saund.* 643. *Lord Raym.* 1072. 3 *Stark. Ev.* 54, 58, (*note e.*) 58, *and note* 1. 1 *Leigh's Nisi Prius,* 69, 70, & 71.

After the demurrer to the second count, the appellant interposed a plea in bar, by which he waived all rights claimed by the demurrer to the second count, as has been repeatedly ruled by this court.

*By the Court,* DICKINSON, J. There are several questions attempted to be raised by the assignment of errors, but the whole case is reduced within a narrow compass. The doctrine is now too well established to need further illustration, that, after a party pleads in chief,

he cannot again resort to his demurrer. The case, therefore, stands upon the count alone for money paid, laid out, and expended.

The only point to be decided, turns upon the correctness of these instructions. It is objected, that the giving of a negotiable note of hand for a prior debt, is not equivalent to payment so as to warrant a recovery upon the money count. This point has been differently ruled, but the law upon it may now be considered settled. The objection cannot prevail. The doctrine was laid down in *Cornwall vs. Gold*, 4 *Pick. R.* 44, and the cases are all there cited and analysed; and the Court settled, that the giving of a new note was equivalent to the payment of the first, and would support an action upon the money count. The principle upon which the case proceeds is, that the execution of the second note is equivalent to an actual payment of so much money paid, laid out, and expended, for his benefit. The same principle was settled in *Withby vs. Mann*, 11 *J. R.* 518, and in *Douglass vs. Moody and another*, 9 *Mass. R.* 553. The whole of them rest upon the case of *Barclay and another vs. Good*, 2 *Esp.* 571. The rule is in accordance with justice and reason; for, if a party's note has been paid up and canceled, there can certainly be no good reason shown why it is not, in every respect, equivalent to so much money paid; and should there be any hardship in the rule, it must be remembered that it was in the power of the defendant to have shown how much was actually paid; and, having failed to do so, it is to be presumed it was paid to the full extent. The court, therefore, properly overruled the first instruction, and rightly gave the last.

Whether the finding of the jury was warranted by the evidence or not, we have no right to consider, as there was no motion for a new trial.

Judgment affirmed.