# SUPREME COURT OF TEXAS.

## AUSTIN SESSION, OCTOBER, 1867.

---

### ZACHARIAH H. HAMMOND v. ROBERT C. MYERS.

Where a security was compelled to pay a debt in another state, which was barred by statute of limitation of that state, the cause of action accrues from the time of the payment, and not from the date of the original obligation. (Paschal's Dig., Art. 4604, Note 1019.)

APPEAL from Falls. The case was tried before Hon. JOHN GREGG, one of the district judges.

The facts are sufficiently set forth in the opinion of the court. There was judgment for the plaintiff, from which he appealed.

*W. B. Forde*, for appellant.

No brief for the appellee has been furnished to the *Reporter*.

MORRILL, C. J.—The petition discloses that, in 1851, plaintiff in error as principal, and defendant in error as his surety, in the state of Alabama, where all parties resided, executed a certain instrument in writing, whereby they became bound to pay one Elmore some $2,000.

It is also alleged in the petition, that the instrument would not be affected by the statute of limitation in Ala-

bama until sixteen years had elapsed; that appellee has resided in Alabama since 1851 until the present time, and that appellant left that state for Texas in 1853, leaving said instrument unpaid in part; and that, by the laws of Alabama, appellee was liable to pay the same; and that it had been placed in the hands of certain attorneys-at-law in the state for collection, and appellee was compelled to pay, and actually did pay, on the 22d October, 1858, $442 43, as such surety for appellant.

The defendant pleaded the statute of limitation, and a general denial of plaintiff's petition. Cause submitted to the judge without a jury. On the trial, the defendant admitted the facts stated in the petition to be true. Judgment for plaintiff for $390 29.

The errors assigned are to the effect, that the suit was barred by the act of limitation.

The statement of facts discloses, that defendant in error, by the laws of Alabama, was compelled to pay, as surety for plaintiff in error, the amount of the judgment. All the transactions took place in that state; and had not the plaintiff in error removed from said state he would have been compelled to pay the same.

As defendant in error became surety for plaintiff, it must be supposed this was at plaintiff's request. It thence follows, that everything that defendant was compelled to do by the laws of the state in which he thus became surety, was done at plaintiff's request. As soon as defendant paid the sum mentioned, he had an action of account against the plaintiff, which would have been barred by two years. (Paschal's Dig., Art. 4604.)

As defendant paid the sum on the 22d October, 1858, two years would not have elapsed until 22d October, 1860; and, as this suit was instituted on the 11th March, 1859, it was not barred by statute.

JUDGMENT AFFIRMED.