## SPARKS vs CHILDERS.

## Opinion delivered October 1, 1898.

*1. Principal and Surety—Right of Surety Against Principal.*

The general rule is that a surety who has paid the debt of his principal cannot maintain an action at law upon the original obligation, but his only ground for relief is upon an implied promise of indemnity or reimbursement on the part of the principal.

*2. Subrogation of Surety to Rights of Payee.*

A surety who has paid his principals note may be subrogated to the rights of the payee and may maintain an action in equity upon the original obligation.

*3. Pleading and Practice—Action Not Abated by Being brought on Wrong Side of Docket.*

Under §§ 4925, 4928 Mansfield's Digest, an action is not abated or dismissed by being brought on the wrong side of the docket and in the absence of a motion to transfer the cause to the proper docket, the error is waived and the court should proceed with the cause in accordance with the principles set up in the pleadings.

*4. Complaint—Not Demurrable if Cause of Action Stated.*

If a complaint states a cause of action either equitable or legal, it is not demurrable, no matter how the action is brought, whether in equity or at law.

*5. Statute of Limitation—When Equity Will Avoid.*

In a suit by a surety, who has paid a promissory note, against his principal, when it appears that the implied promise of the principal to remunerate the surety is barred by the statute of limitations, the court will invoke the equitable doctrine of subrogation, and bring the case within its equitable jurisdiction, although the case be filed at law, and if this takes the matter out of the statute of limitation will allow the action to proceed.

*6. Immaterial Evidence—Harmless Error.*

> Upon the question of the statute of limitations, where the debt
> is not barred, a new promise is immaterial and the admission of
> a letter not properly admissible as evidence of a new promise
> is harmless error.

Appeal from the United States Court for the Southern
District.

C. B. KILGORE, Judge.

Action by J. W. Childers against N. R. Sparks and an-
other. Judgment for plaintiff. Defendants appeal. Affirmed.

This a suit commenced on the 17th day of April, 1895,
in the United States court for the Southern district of the
Indian Territory, at Chickasha. The complaint states the
cause of action, as follows: In the United States Court in
the Indian Territory, Southern Judicial Division. J. W.
Childers vs N. R. Sparks and J. L. Sparks. Action at Law.
J. W. Childers, hereinafter styled 'plaintiff,' complaining of
N. R. Sparks and J. L. Sparks, hereinafter styled 'defend-
ants,' respectfully represents that plaintiff is a citizen of the
United States, residing in Texas, and that the defendants are
both citizens of the United States, residing in the Indian
Territory, and in this judicial district, and nearer to the
town of Chickasha than any other point in said district at
which a United States court is located; that heretofore, to-
wit, on the 27th day of July, 1885, plaintiff and defendants
executed a note whereby they, or either of them, bound
themselves to pay on October 1, 1885, $334.16 to the order of
Gainesville National Bank, Gainesville, Texas, on October
1, 1885, with interest at the rate of 12 per cent per annum
after maturity until paid, with 10 per cent additional as at-
torney's fees in case of non-payment at maturity; that N. R.
Sparks and J. L. Sparks were principals in said note, and

that plaintiff signed the same as an accommodation surety for their benefit; that upon the maturity of said note defendants failed to pay the same; plaintiff, being thereunto compelled by such failure, paid the same to the Gainesville National Bank, the owner of said note, with the interest and attorney's fees thereon; that said bank thereupon, by its cashier, indorsed said note, without recourse, to plaintiff, whereby the plaintiff became the legal owner and holder of said note, and defendants became liable to pay plaintiff the amount of said note, according to its legal tenor; that, though often demanded, defendants, and both of them, have failed and refused to pay said note, or any part thereof. Wherefore plaintiff prays that they be summoned to answer herein, and that upon final trial he have judgment for the amount of said note, with interest, costs, and attorney's fees."

The note, with its indorsements, which is an exhibit to the complaint, is as follows:

"Gainesville, Tex., July 27th, 1885. On the 1st of October, 1885, after date, we, or either of us, promise to pay to the order of Gainesville National Bank three hundred & thirty-four and $\frac{16}{100}$ dollars, at the Gainesville National Bank, Gainesville, Texas, for value received, with interest at the rate of twelve per cent per annum after maturity until paid. In case of nonpayment of the above note at maturity, ——— hereby authorizes any licensed attorney at law to appear for me in court,. and to accept service, waive process, and confess judgment in favor of the legal holder of said note against ——— for the amount of said note and interest, with ten per cent attorney's fees additional. [Signed] N. R. Sparks. J. L. Sparks. J. W. Childers.

"Postoffice."

"$334. 16."

Indorsed: "Pay to J. W. Childers, without recourse on me. C. C. Heming, Cashier."

The defendants filled a demurrer to the complaint, which is as follows: "Now come the defendants, N. R. and J. L. Sparks, and for demurrer to plaintiff's complaint filed herein, and say that the same is insufficient to entitle plaintiff to the relief prayed for, because it appears upon the face of said complaint that plaintiff's cause of action, if he ever had any, against these defendants, is long since barred by the statute of limitations. And of this the defendants pray the judgment of the court." Upon hearing, the demurrer was overruled by the court; and, the defendant N. R. Sparks declining to answer further, judgment was rendered against him in favor of plaintiff for the sum of $600. The defendant J. L. Sparks filed an answer, in which he alleged that he was not a principal in the note, but a co-surety with plaintiff, and that he was liable to the plaintiff, if at all, only for one-half of the amount paid by plaintiff. The plaintiff filed a reply to the answer, which is as follows: "Now comes the plaintiff, J. W. Childers, and in reply to the answer of the defendant J. L. Sparks, wherein he attempts to plead the statute of limitations against the cause of action sued on herein, he says that, if said action was ever barred, that the said defendant J. L. Sparks on the 22d day of August, 1895, in writing, admitted and confessed his liability on the note herein sued on, whereby and by reason whereof the statute of limitations was waived, and did not commence to run in said defendant's favor until August 22, 1895. All of which plaintiff is ready to verify, and prays judgment as prayed for in his complaint." The writing relied upon to take the case out of the statute of limitations, and which was introduced in evidence over the defendant's objection, is as follows: "Chickasha, I. T., Aug. 22, 1895. Mess. Herbert & Lewis, Ardmore, I. T.—Dear

Sirs: You have filed a suit against N. R. and J. L. Sparks in favor of Mr. Childers, which he had to pay off, and which I was only a security with him. I would have written you sooner, but I have been trying to get N. R. Sparks to do something with it; but he cannot pay anything now, nor neither can I do anything now. I can't pay the whole thing off, as I was only a security with Childers. If the case was put off this term, I might be able to fix it up soon next year, rather than have a judgment. I am not able to pay it, but I want to settle it on the best terms. Yours, truly, [Signed] J. L. Sparks." A jury was waived, and all matters of law and fact submitted to the court, which, upon a trial of the issues, rendered a judgment in favor of the plaintiff against J. L. Sparks for the sum of $300 and costs of suit. A motion for new trial was filed in due time and overruled, and from the judgment thus rendered the defendants have prosecuted their appeal to this court.

*Ledbetter & Bledsoe,* for appellants.

1. If the plaintiff's cause of action appears on the face of the complaint to be barred by limitation, the statute may be pleaded by demurrer, Bliss on Code Pleading, § § 355, 414; Dowell vs Tucker, 46 Ark. 439; Collins vs Mack 31 Ark. 684.

2. If a surety pays a note, the debt represented by the note is extinguished, and the surety has no right of action upon the note. His only action is upon the implied promise of the principal to repay the principal. Holliman vs Rogers, 6 Tex. 91. When the surety pay the note of his principal, he has an action of account against the principal, which is barred in three years. Hammond vs Myers, 30 Tex. 375; Jackson vs Murray, 14 S. W. 235; Faires vs Cockrell, 88 Tex. 428; Tabor vs Cockrell, 16 S. W. 786; Wood

on Liquidations, pp 320, 322; Brandt on Suretyship and Guaranty, pp 253, 254; Hanah vs Jacobs, 1 L. R. A. 152; Durbin vs Kurney, 23 Pac. 661; Bushnell vs Bushnell, 9 L. R. A. 411; Neal vs Newman, 4 Ark. 506; Jordan vs Adams, 7 Ark. 348; Snider vs Gratehouse, 16 Ark. 72; Mansf. Dig. § § 6401, 6402.

3. A letter in regard to a note which does not expressly acknowledge the indebtedness represented by the note and promise to pay it is not such an acknowledgment of the note in writing as to take it out of the statute of limitation. State Bank vs Alston, 9 Ark. 445; Brown vs State Bank, 10 Ark. 134; Beebe vs Black, 12 Ark. 595; Opp vs Wack, 52 Ark. 288.

*C. L. Herbert* and *Yancey Lewis*, for appellee.

A surety who pays a note is subrogated to all the rights of the payee and may proceed in equity against the principal, upon the note instead of at law upon the implied promise of the principal to reimburse him. Sublett vs McKinney, 19 Tex. 433; Tutt vs Thornton, 57 Tex. 36; 3 Pom. Eq. Ju. 1418, note 3; 1419, note 1; Sheldon on Subrogation, 87, 135, et seq.

CLAYTON, J. The record in this case presents but two questions for the consideration of this court: First, was this action, as set up in the complaint, barred by the statute of limitations? and, second, if it were, was the letter of J. L. Sparks, introduced in evidence, sufficient to take it out of the statute, as to him.

The statute of limitations began to run in the Indian Territory on May 2, 1890, and this suit was commenced on April 17, 1895; being more than three, and less than five, years between the time when the statute began to run and

the bringing of the suit. Section 4478, Mansf. Dig., provides that "all actions founded upon any contract or liability, express or implied, not in writing, must be commenced within three years after the cause of the action shall accrue, and not afterward." Section 4483 provides that "actions on promisory notes, and other instruments in writing not under seal, shall be · commenced within five years after the cause of said action shall accrue, and not afterward." The contention of the defendants is that their liability is not founded upon the promissory note on which the suit is brought, but upon an implied promise upon the part of N. R. Sparks, the maker of the note, to reimburse his surety, Childers, for the amount paid by him in satisfaction of the note, and upon an implied promise of J. L. Sparks, as co surety with Childers, to contribute one-half of the amount paid by Childers in satisfaction of the note; that this implied promise is barred by limitations within three years after the cause of action accrued; and that, inasmuch as this suit was not brought within that period, the plaintiff, Childers, is not entitled to judgment. The contention of the plaintiff is that this suit is upon the promissory note, and not barred until the expiration of five years from the time of the cause of action accrued, and, as this action was brought within that period, he is entitled to recover. The general rule is that a surety who has paid a debt of his principal cannot maintain an action at law upon the original obligation, but that his only ground for relief is upon an implied promise of imdemnity or reimbursement on the part of the principal. Wood, Liquidations, 320-322; Brandt, Sur. 313, 434; Harrah vs Jacobs (Iowa) 39 N. W. 187. The last case cited is directly in point. The plaintiff, who had signed the note as surety for the defendant, claimed that he had purchased the note, and was the owner of it. In an action upon the note the defendant demurred, and the supreme

*Act'on by surety. General rule.*

(13)

court of Iowa, discussing the question, said:     "The demurrer was to the effect that the plaintiff cannot maintain an action on the note, because it was paid and discharged, and that, having paid and discharged the note as surety, the right to recover of the defendant the money paid is barred by the statute of limitations.    It is very clear that, if plaintiff can recover at all, it must be upon the note.    No action can be maintained in the usual form of an action by a surety against a principal for money paid in discharge of the note, because more than five years elapsed between the time of the payment and the commencement of the suit.    It will be observed that the relation of principal and surety does not appear from the instrument itself.    If the relation exists, it must be established by parol evidence.    The right of action would therefore be founded upon an unwritten contract, and under our statute would be barred in five years.    Lamb vs Withrow, 31 Iowa 164.    The plaintiff insists that his transaction with the corporation amounted to a purchase of the note, and not a payment.  The same theory was claimed in the case of Lamb vs Withrow, supra; Bones vs Aiken, 35 Iowa 534; and Johnston vs Belden, 49 Iowa 301.    It is true that in all the cited cases the obligation had been reduced to judgment, but the principle involved is the same.    It is that a joint maker of a note, who is in fact surety, is not entitled to recover, by purchasing a note, or a judgment rendered upon it, either upon the note or judgment.    It makes no difference whether he calls the transaction a purchase or a payment.  His action is one for indemnity for the money paid.    It is not an action upon a written contract, and is barred in five years.    Such appears to be the rule in the cases above cited."    The right of contribution does not spring from contract, but rests on general principles and natural justice; and when one has discharged a debt or obligation which was a common charge, for the benefit of all, he has a right to call upon his debtors for contribution·

Durbin vs Kuney (Or.) 23 Pac. 661.  Bushnell vs Bushnell (Wis.) 46 N. W. 442, was an action brought by a surety against his co-surety for contribution.

The supreme court of Wisconsin held that the cause of action arose upon an implied promise of indemnity, and that it was barred by the statute of limitations which governs actions upon instruments not in writing.  The supreme court further held:  ''But there is an error in giving interest on the last payment exceeding 7 per cent.  Interest at 10 per cent. was given, doubtless, because the note drew interest at that rate; but the recovery is upon an implied contract for money paid to the defendant's use, and not upon the note, nor upon the guardian's bond.  The rate of interest on the amount of recovery should be the legal rate, and no more.''  In Arkansas the rule is well established that a surety who pays the debt of his principal must, at law, rely upon an implied promise of indemnity or reimbursement.  Where a surety on a note takes it up after it is due, and cancels it by giving his own note, which is accepted by the creditors, this is equivalent to the payment of the first note, and will support a count for money laid out and expended.''  Neale vs Newland, 4 Ark. 506; Jordan vs Adams, 7 Ark. 348; Snider vs Gratehouse, 16 Ark. 92.  Texas (and the note in suit is a Texas contract, having been executed and made payable in that state), by a long line of decisions, holds the same opinion.  Holliman vs Rogers, 6 Tex. 91; Hammond vs Myers, 30 Tex. 375; Jackson vs Murray (Tex. Sup.) 14 S. W. 235; Faires vs Cockerell, 88 Tex. 428, 31 S. W. 190, 639; Tabor vs Cockrell (Tex. App.) 16 S. W. 786.  While the right of the surety to sue his principal or a co-surety is, at law, based upon an implied promise, by which fiction courts of law, with their inflexible procedure, are enabled to give the surety, who has paid, relief, courts of equity give more ample relief by subrogating the surety who has paid to all of the rights of the creditor, and authorizing

Equitable rights of surety.

him to proceed upon the original obligation, as well as col-
lateral securities, against the principal or co-surety. "The
courts of all of the American states, with a very few excep
tions, have extended the remedy of subrogation. They en-
able the surety to enforce the bond, contract, · or judgment
immediately against the principal, although the surety was
himself directly liable. In other words, by the English
doctrine the surety becomes equitable assignee only of col-
lateral securities; by the American doctrine, he becomes
equitable assignee not only of collateral securities, but of the
principal obligation." 3 Pom. Eq. Jur. § 1419, note 1, and
cases cited. "This is a doctrine of the court of chancery,
and cannot usually be enforced in a court of law." Brandt,
Sur. 434. It would appear, therefore, that in this case the
plaintiff, a surety, having paid off the debt, had a legal right
to bring his action either at law upon an implied promise of
his principal to indemnify him, or in equity on the note, as
being subrogated to all of the rights of the payee; and, if
his action is to be considered as at law, the three-years
statute of limitation prevails, but, if in equity, the five-year
statute controls. The plaintiff elected to bring his action at
law, and no motion was made by the plaintiff or the defend-
ants to transfer it to the equity side of the docket. In this·
jurisdiction the distinction between actions at law and in
equity is preserved by the Code. The statute (Mansfield's
Digest) is as follows.

"Sec. 4914. The forms of all actions and suits here-
tofore existing are abolished.

"Sec. 4915. There shall be but one form of action for
the enforcement or protection of private rights, and the
redress or prevention of private wrongs, which shall be
called a civil action.

"Sec. 4916. In such action the party complaining

shall be known as the plaintiff, and the adverse party as the defendant.

"Sec. 4917.  The proceedings in a civil action may be of two kinds:  First.  At law.  Second.  In equity.

"Sec. 4918.  The plaintiff may prosecute his action by equitable proceedings in all cases where courts of chancery, before the adoption of this Code, had jurisdiction, and must so proceed in all cases where such jurisdiction was exclusive.

"Sec. 4919.  In all other cases the plaintiff must prosecute his action by proceedings at law."

If, however, the plaintiff erroneously brings his action upon either side of the docket, the statute provides that the suit shall not abate or be dismissed because of that, but, on proper motion, shall be transferred to the proper docket, and, if the motion shall not be made by either the plaintiff or the defendant, the error is waived.  The statute is as follows:

"Sec. 4925.  An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings by an amendment in the pleadings and a transfer of the action to the proper docket.

"Sec. 4926.  The error mentioned in the last section may be corrected by the plaintiff without motion at any time before the defendant has answered, or afterward, on motion in court.

"Sec. 4927.  Such error is waived by failure to move for its correction at the time and in the manner prescribed in this chapter, and all errors in the decisions of the court on any of the motions named in this chapter are waived unless excepted to at the time, which may be done by the clerk

noting at the end of such decision words of the following import:  'To which decision the plaintiff (or defendant) excepts.'

"Sec. 4928.   The defendants shall be entitled to have the correction made in the following cases:   First.   When the action has been commenced by equitable proceedings the defendant, by motion made at the time of filing his answer, may have them changed into proceedings at law when it appears that, by the provisions of section 4919, the plaintiff should have adopted proceedings at law,  unless his answer presents an equitable defence.   Second.   When the action has been commenced by proceedings at law, the defendant, by motion made at or before the time of filing his answer, may have them changed into equitable proceedings when it appears that, by the provisions of section 4918,  the plaintiff should have adopted proceedings in equity."

The question here is, in case the action is erroneously brought on the wrong side of the docket, and no motion is made by either of the parties to the suit to transfer, what is it that is waived?   In such a case must the court proceed at the trial in accordance with the principles of the forum,  at law or in equity, as the case may be, or must it try the case in accordance with the principles involved, as set up in the pleadings?   By a careful reading of the statute, it seems to us quite clear that in such a case the court should pursue the latter course, that is, try the case in accordance with the principles involved, as set up in the pleadings.   The language of the statute is:   "An error of the plaintiff as to the kind of proceeding adopted shall not cause the abatement or dismissal of the action," etc.   "The error mentioned may be corrected," etc.   "Such error is waived," etc; that is, the error of bringing the suit on the wrong side of the docket.   But, if such error is not objected to, the suit is not to be dismissed.   It remains on the docket to be tried in the

*Pleading and practice.*

forum where brought.   And how can it be tried there, if all of the evidence   offered and the principles raised by the pleadings must be excluded  because  not applicable to  the ·forum?   A plaintiff, mistaking the kind of proceedings to be adopted, brings a purely equitable action in a court of law. The defendant files an answer, simply denying the facts. Neither party moves to transfer.   What is to be done with the case?   It cannot be abated or dismissed, for  the statute forbids it.   It simply remains on the docket to be tried.  And how can it be tried, unless the court of law in which it is pending enforces the equitable rights of the parties?   There are no other issues before it.   If it is to be tried as at law, why not dismiss in the first instance, for the result would be the same? But, by a failure to move to transfer, something has been waived.   It is not the right to have the case tried.   The trial must proceed at all events.   That is the very object of the statute.   It cannot be tried in equity, because it is pending in a court of law, without motion to transfer.  The court trying it cannot try the issues of law, because there are no issues of law to be tried.  The only thing to try is the equitable rights of the parties, and they must be determined in the court of law; and therefore that error which is waived under the statute, by a failure to move to transfer, is not the issue as made by the pleadings, but only the forum in which those issues are to be tried.  It may be said that the court, by virtue of its inherent powers over its proceedings, may, on its own motion, transfer such cases.   This is unquestionably true.   But without a motion the court is not bound to do so, and a failure upon the part of the court to so transfer the case without a motion for that purpose is not error for reversal.   Railroad Co. vs Perry, 37 Ark.  164.   As to the course which the courts should pursue in cases where the plaintiff has adopted the wrong proceedings, and no motion to correct the error has been made, the decisions of the supreme court of Arkansas,

passing upon this statute, are not consistent.   In Organ vs
Railroad Co., 51 Ark. 235, 11 S. W. 96,  all of  the  Arkansas
cases on this subject are reviewed; and that court finally set-
tled down, as being more in  harmony  with  the  spirit  and
letter of the Code of Procedure  in  civil  cases,  to  the  rule
that if an error in the kind of proceedings adopted  be  com-
mitted, and no motion to correct the error be made, it should
not be dismissed on that account, but the issues in the action
should be tried according to the  principles  involved.    The
court in that case say:   ''The Code abolished all  forms  of
actions, and provided that there  shall be  but  one  form  of
action for the enforcement or  protection of  private  rights,
and the redress or prevention of private wrongs, which shall
be called a civil action, and that the  proceedings  in  a  civil
action may be of two kinds:   First, at  law;  and  second,  in
equity; that the plaintiff may prosecute his action  by  equit-
able proceedings in all cases where courts  of  chancery,  be-
fore the adoption of the Code, had jurisdiction, and must  so
proceed in all cases where such  jurisdiction  was  exclusive;
and that in all other cases the  plaintiff  must  prosecute  his
action by proceedings at law.   It further provides:   'An er-
ror of the plaintiff as  to  the  kind of  proceedings  adopted
shall not cause the abatement  or  dismissal of  the  action,
but merely a change in the proper proceedings by an amend-
ment in the pleadings, and a  transfer of the  action  to  the
proper docket.'   Such error may be corrected at the instance
of either party, but it is waived by a failure to move  for  its
correction.   Mansf. Dig. § § ·4914-4928.   In  this  case  the
action was dismissed because,  in the opinion  of  the  court,
the remedy of the plaintiff was at law.   If  legal  and  equit-
able remedies were required to be administered  in  separate
forms of action, this ruling would  be  correct.    But  under
the Code there is but one form of action for all kinds of civil
remedies.   All that the plaintiff  is  required  to  do  in  the
statement of his cause of action is to state in  his  complaint

facts to show that he is entitled to the relief demanded, and it is the duty of the court to treat his complaint as valid, without stopping to speculate upon the name to be given to his action. If he states facts which entitle him to relief, either legal or equitable, it is not demurrable on the ground *Pleading and practice.* that it does not state facts sufficient to constitute a cause of action. If an error in the kind of proceedings adopted be committed, it should not be dismissed on that account, but the issue in the action should be tried according to the principles involved, and the relief he is entitled to should be granted without regard to such error." Citing Trulock vs Taylor, 26 Ark. 54. From an inspection of the complaint in this case, it is evident that the plaintiff brought his suit on the theory that by paying off the note, and taking an indorsement of it to himself, he could sue in a court of law, as an indorsee of the note. But, as heretofore shown, he being a surety, the law regards all such transactions as a payment of the obligation, and not an indorsemdnt or purchase of it; leaving the only remedy at law to a suit on the implied promise to indemnify, which in this case was barred by the statute of limitations. But nevertheless the complaint sets up the facts from which the court was informed that notwithstanding the action at law was barred, and the plaintiff in that forum left remediless, there was still left an adequate and complete remedy in equity. Upon the facts of the case as stated in the complaint, the court had but to apply the equitable doctrine of subrogation to bring the case within its equity jurisdiction. It was shown by the complaint that the plaintiff and defendants had executed their promissory note, that the plaintiff signed only as a surety, that the defendants failed to pay the note at its maturity, that the plaintiff paid it off, and that his remedy at law on the implied promise of the defendants to indemnify him was barred by the statute of limitations, and the suit was brought on the note. This clearly states an equitable ground for relief. Had a

motion been made, either by the plaintiff or the defendants, to transfer the case to the equity side of the docket, it would have been the duty of the court to have sustained it. No motion having been made to that effect, the right to have the case tried in a court of equity was waived, and the court did not err in applying the principles of equity involved in the case in the trial at law. Applying these principles, the plaintiff, being subrogated to the rights of the payee of the note, had the right, in equity, to sue upon it; and the note not having been barred by the statute of limitations, the court did not err in overruling the demurrer raising that question.

<div style="margin-left:0"><em>Principal and surety. Subrogation.</em></div>

The second assignment of error is to the effect that the court erred in admitting in evidence the letter of the defendant J. L. Sparks, heretofore set out. Inasmuch as this letter was introduced in evidence for the sole purpose of proving a new promise on the part of the defendant J. L. Sparks in case the court should find that the original obligation was barred by the statute of limitations, and having found on that branch of the case that the original obligation was not barred, we cannot see that it would be either profitable or desirable that we should pass upon that question. Upon the question of the statute of limitation, where the debt is not barred, a new promise is immaterial, and therefore whether the particular language set up as the new promise be sufficient or not is also immaterial; and the introduction in evidence of that which is claimed to be the new promise, whether sufficient or not, being immaterial, as tending to prove none of the issues, is technical error, but not reversible error, because it does not tend to prejudice the defendant's cause. Finding no error in the proceedings of the court below, the judgment is affirmed.

<div style="margin-left:0"><em>Evidence. Admission. Harmless error.</em></div>

SPRINGER, C. J., and CLAYTON, J., concur.