Rogers et al vs Nidiffer.

Opinion delivered October 19, 1904.

1. *Chattel Mortgages—Bill of Sale—Construction of Instruments.*

Where an owner of certain property, which has been already mortgaged, gives to another a bill of sale of the same property, to indemnify the latter against loss by reason of having endorsed the owner's note as surety, and it appears that the owner was to retain and sell the property applying the proceeds first to the mortgage and then to the debt for which the buyer was surety, such transaction was not an absolute sale, and the bill of sale was, in legal effect, only a second mortgage.

2. *Chattel Mortgages—Permission to Sell—Binds Mortgage and he Cannot Replevin Mortgaged Property.*

Where a mortgagee gives permission to the mortgagor to sell the mortgaged property, he is bound thereby and cannot maintain replevin to recover possession of the property, especially after the sale.

3. *Chattel Mortgage—Bill of Sale—Parol Proof as to Nature of Instrument.*

A bill of sale may be shown by parol proof to be a chattel mortgage.

4. *Pleading and Practice—Answer in Action at Law—Equitable Defenses, May be Pleaded and Tried.*

When in an action at law, the answer sets up equitable defenses, the case may be transferred to the equity side of the docket; but if it is not so transferred on motion or otherwise, the courts will try the case in accordance with the principles involved, either legal or equitable as set up in the pleadings.

Raymond, C. J. dissenting.

Appeal from the United States Court for the Northern District.

Joseph A. Gill, Judge.

Action by Samuel Nidiffer against R. E. L. Rogers and others. Judgment for plaintiff. Defendants appeal. Reversed.

*Preston S. Davis,* for appellants.

*W. H. Kornegay,* for appellee.

CLAYTON, J. This is an action of replevin to recover possession of a lot of baled prairie hay, "estimated to be about forty tons," located in the Rogers barn, at Fairland. Ind. Ter. The defendants (appellants here), while the owners of the hay, had placed a mortgage upon it, executed to their brother, C. A. Rogers, of Arkansas, to secure the payment of a note for $1,000 which he held against them. The plaintiff (appellee) was on several notes of the defendants as indorser. The defendants, as stated by his counsel in his statement of facts accompanying his brief, were in "failing circumstances" when a grocery company of Vinita, Ind. Ter., sued them, and ran an attachment upon the hay. In order that this attachment might be released, the defendants procured the plaintiff to indorse their note to the grocery company, and procured a release of the attachment. At that time , and in consideration thereof, the defendants executed to the plaintiff a bill of sale for the hay. It is alleged by the defendants in their answer, by way of defense to this action, that at the time of the execution of the bill of sale it was understood between the parties "that the reason the bill of sale was given to the plaintiff for said hay was because of the fact that the plaintiff was surety on a certain promissory note for the defendant R. E. L. Rogers, and the bill of sale was given plaintiff to indemnify the plaintiff with the proceeds remaining from the sale of the hay after the mortgage and interest aforesaid had been paid, against any loss by reason of his said suretyship on said note; that the mortgagee of said hay authorized the defendants to sell said hay and apply the proceeds thereof to the

payment of his mortgage indebtedness, which they did; and defendants aver that the said hay lacked about $150 or $200 of realizing enough to pay said mortgage indebtedness." From this it appears that it was the agreement that the mortgaged property was to remain in the possession of defendants, and was by them to be sold, and the proceeds were to be applied first to the payment of the mortgage, and the balance, if any, was to be applied in paying the debt for which the plaintiff was surety. Upon this issue the case went to the jury, but after the impaneling of the jury, and a statement of the case by the respective counsel, the court stopped the proceedings, and refused to receive evidence, except as to the question of damages, and peremptorily charged the jury to find for the plaintiff, on the ground, as stated by the court, "that the plaintiff had a right, as against the defendants, to take that property. The other man (the mortgagee), if he held a mortgage, would have a right, as against him (the plaintiff), to take under his mortgage. If the mortgagee had been made a party here, or had come into this case, the case would have been a different proposition. · Here is a man with a bill of sale, and he had the right of possession of this property. He undertakes to get the possession, and it is good as against these particular defendants." We think the court lost sight of the real issue presented by the defendants' answer. The answer, in absence of a motion to make more certain, we think, sufficiently avers that at the time the bill of sale was executed it was intended to be given only as an indemnity to secure the plaintiff against loss as surety on the note, and that it was understood that the defendants were to retain possession of the property and sell it, and out of the proceeds of the sale the mortgage debt was to be first paid, and the balance to go to the liquidation of the note on which the plaintiff was surety; and, if so, the transaction was not a sale absolute. The bill of sale, under such circumstances, would be but a second chattel mortgage on the hay; and if the plaintiff, in writing or

verbally, gave permission to defendants to sell the property, he is bound by it, and, under such circumstances, would not be entitled to the possession, especially after sale, as in this case. That a mortgagor may make an absolute sale of the mortgaged property, with the mortgagee's consent, see Jones on Chattel Mortgages, 456; 1 Cobbey, Chattel Mortgages, 637. And such a sale conveys good title to the purchaser, and therefore the mortgaged property is not subject to replevin at the suit of the mortgagee. That a bill of sale may be shown by parol proof to be a chattel mortgage, see Jones on Chattel Mortgages, 22-24, and authorities cited; 1 Cobbey on Chattel Mortgages, § 71. If it be contended that this can only be done in equity, and that this is an action at law, the answer is that this is the defense set up by the answer, and, under our system of pleadings, when an answer sets up an equitable defense to an action at law, either party, or the court on its own motion, may have it transferred to the equity side of the docket; and if there be no motion made to transfer, and the suit remain on the law side of the docket, the court will, notwithstanding, try the case in accordance with the principles involved, equitable or legal, as set up in the pleadings. Sparks vs Childers, 2 Ind. Ter. 187, 47 S. W. 316; Organ vs Ry. Co., 51 Ark. 235, 11 S. W. 96. We are of the opinion that this case should have gone to the jury to determine the facts at issue as raised by the answer.

Let the judgment of the lower court be reversed and remanded.

TOWNSEND, J., concurs. · RAYMOND, C. J. dissents.