## HARRISON *et al.* v. MURPHY.

No. 2885.   Opinion Filed December 3, 1912.

(128 Pac. 501.)

**APPEAL AND ERROR—Record—Equity Cases.** Under the practice in force in the Indian Territory prior to the erection of the state in equity cases, all papers properly filed in the case became on appeal a part of the record to be included in the transcript. Neither was any motion for a new trial necessary nor a bill of exceptions, except where oral testimony had been used and not taken down and filed as depositions.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Dick Harrison and others against George A. Murphy. Judgment for defendant, and plaintiffs bring error. Motion to dismiss overruled.

*Chas. F. Runyan,* for plaintiffs in error.

*W. W. Noffsinger* and *Y. P. Broome,* for defendant in error.

WILLIAMS, J. On February 23, 1907, the plaintiffs in error, as plaintiffs, commenced an action in equity for "declaration of trust, for an accounting, and for cancellation of deeds" against the defendant in error, as defendant. At the erection of the state, by section 3 of the Act of Congress of March 4, 1907 (section 438, Williams' Ann. Const. Okla.; 34 St. at L. 1286), and section 27 of the Schedule to the Constitution (section 291, Williams' Ann. Const. Okla.), said cause was transferred to the district court of Muskogee county. On March 17, 1910, by virtue of section 11 of the Act of March 6, 1909 (Sess. Laws 1909, p. 181; section 1974, Comp. Laws 1909; *Oklahoma Fire Ins. Co. v. Phillip,* 27 Okla. 234, 111 Pac. 334), said cause was transferred to the superior court of Muskogee county. On January 9, 1911, said cause, by consent, was referred to Hon. Chas. A. Cooke, as referee, "to hear the testimony introduced by both parties, and that he report his findings of fact upon the same; and that he report his conclusions of law deduced therefrom, and that the report showing his findings of fact and his conclusions of law therefor be filed with this court on or before the 15th day of February, 1911." On said date the referee filed his report. The record contains the following statement:

"Copy of the evidence taken before him (referee) together with his report thereon embodying his findings of fact and conclusions of law therefrom and the exceptions and motion for a new trial filed by the plaintiffs therein, which said report, with the exceptions of the plaintiffs thereto, and a motion for a new trial filed by the said plaintiffs, is in words and figures as follows: * * *"

Counsel for defendant in error move to dismiss this proceeding in error on the ground that a motion for a new trial was not filed with the trial court. *First National Bank v. Oklahoma National Bank,* 29 Okla. 411, 118 Pac. 574. This being a pending action at the time of the erection of the state, the existing procedure as to the trial court was preserved. *St. Louis & S. F. R. Co. v. Cundieff,* 171 Fed. 319, 96 C. C. A. 211; *Loeb v. Loeb,* 24 Okla. 384, 103 Pac. 570; *Swift v. Coulter,* 28 Okla. 768, 115 Pac. 871; *Runyan v. Fisher,* 28 Okla. 450, 114 Pac. 717; *Missouri, K. & T. Ry. Co. v. Walker,* 27 Okla. 849, 113

Pac. 907; *Wheatland Grain & Lumber Co. et al. v. Dowden,* 26 Okla. 441, 110 Pac. 898; *Missouri, O. & G. Ry. Co. v. Gentry,* 31 Okla. 579, 122 Pac. 537; *Hawkins v. United States,* 3 Okla. Cr. 651, 108 Pac. 561; *Harris v. United States,* 4 Okla. Cr. 317, 111 Pac. 982, 31 L. R. A. (N. S.) 820, Ann. Cas. 1912B, 810; section 365, Williams Ann. Const. Okla., and authorities cited in note.

In *Gwinnup et al. v. Griffins et al.,* 26 Okla. 868, 113 Pac. 910, it is said:

"Under the Indian Territory procedure, there being no such a thing as a case-made, it is insisted that nothing, unless it was a part of the record proper, could be brought into the record of an action at law except by a bill of exceptions. Under the Oklahoma procedure, a case-made does not become a part of the record of the trial court. *St. Louis & San Francisco R. Co. v. Messenger, Clerk of District Court, et al.* (No. 1,591) [26 Okla. 590, 110 Pac. 893]. It becomes, however, a part of the record of the proceeding in error in the appellate court, being prepared preliminary to the instituting of a proceeding in error in such tribunal."

As to the record of this case in the lower court, the practice existing at the time of the erection of the state applied. Where the cause of action arose prior to but was commenced subsequent to the erection of the state, the rule is different. *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969; *Chicago, R. I. & P. Ry. Co. v. Bankers' National Bank,* 32 Okla. 290, 122 Pac. 499; *Chicago, R. I. & P. v. Baroni,* 32 Okla. 540, 122 Pac. 926.

This being an equity case, it is not essential to determine whether the Arkansas or the federal practice applied, as in either jurisdiction a motion for a new trial was not required to be filed in order to have the judgment reviewed. *Le May v. Johnson,* 35 Ark. 225; *Berry v. Singer,* 10 Ark. 483; *Knight v. Illinois Cent. R. Co.,* 180 Fed. 368, 103 C. C. A. 514; *Duke v. St. Louis & S. F. R. Co.* (C. C.) 172 Fed. 684; *Howell et al. v. Brown,* 5 Ind T. 718, 83 S. W. 170; *Sparks v. Childers,* 2 Ind. T. 187, 47 S. W. 316.

All the witnesses in this case were examined before the referee or master in chancery, and their testimony reduced to writing and reported by him to the court and read at the hearing.

Both under the federal and Arkansas rule such evidence became a part of the record. *Blackburn v. Morrison et al.,* 29 Okla. 510, 118 Pac. 402, and authorities therein cited.

The motion to dismiss must be overruled.

All the Justices concur.