**In re GUARDIANSHIP OF FOLEY, a Minor. FOLEY v. WILSON.**

No. 9516—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

**Appeal and Error—Right to Review—Motion for New Trial—Necessity.**

To have reviewed, in this court, errors occurring at the trial of a case, a motion for a new trial must have been filed and acted on

by the trial court, exceptions taken thereto, and the ruling thereon assigned as error in the petition in error.

Error from District Court, Delaware County; John H. Pitchford, Judge.

Applications by both W. J. Wilson and Charles Foley to be appointed guardian of William Clyde Foley, a minor. Upon the appointment of Wilson, Charles Foley brings error. Dismissed.

Ad V. Coppedge, for plaintiff in error.

E. B. Hunt and W. C. Hall, for defendant in error.

McNEILL, J. This case originated in the county court of Delaware county by W. J. Wilson filing an application to be appointed guardian of the person and estate of William Clyde Foley, a minor. Charles Foley, the father, objected to the appointment and petitioned to have himself appointed guardian. The county court appointed Charles Foley, the father, and an appeal was taken to the district court by W. J. Wilson, and upon the trial of the case the district court reversed the county court, and directed that W. J. Wilson be appointed guardian of the person and estate. The court made his findings on the 13th day of April, 1917, and motion for new trial was filed April 16, 1917, and on the 19th day of June, 1917, journal entry was filed.

Charles Foley appealed from the judgment of the district court to this court, and the defendant in error, W. J. Wilson, filed a motion to dismiss the appeal upon several grounds. It will be unnecessary to pass upon all of them, but the record disclosed that the motion for new trial has never been passed upon by the judge of the district court, but is still pending and undetermined, and the appeal herein involves only errors occurring at the trial. This court, in a long line of decisions, stated as follows:

"To have reviewed in this court errors occurring at the trial of a case, a motion for a new trial must have been filed and acted on by the trial court, exceptions taken thereto, and the ruling thereon assigned as error in the petition in error." Board of County Com'rs v. Langston, 41 Okla. 715, 139 Pac. 956.

By applying this rule the appeal in this case was prematurely brought. The motion for new trial is still pending in the lower court and has never been passed upon.

It will be necessary to have the motion for new trial passed upon before this court can examine the record and review errors occurring at the trial of the case.

For the reasons stated, the appeal is dismissed.

OWEN, C. J., and JOHNSON, HIGGINS, and BAILEY, JJ., concur.