## BLAIR *v.* WELLS.

### Opinion delivered January 15, 1923.

1. BILLS AND NOTES—RELEASE OF INDORSER—EVIDENCE.—A finding by the chancellor that defendant's liability as indorser on notes had been released *held* against the weight of the testimony.

2. BILLS AND NOTES—CONTRIBUTION AMONG INDORSERS.—Where five of six indorsers on a note were compelled to pay the whole amount of the note, they were entitled to contribution from the sixth indorser for one-sixth of the amount so paid if the sixth indorser's liability had not been released.

3. BILLS AND NOTES—CONTRIBUTION AMONG INDORSERS.—Where five of six indorsers on a note take it up after it is due and cancel it by giving their own note which is accepted by the creditor, this is equivalent to payment of the first note, and will support a suit for contribution against the sixth indorser.

4. BILLS AND NOTES—CONTRIBUTION AMONG INDORSERS.—Crawford and Moses' Dig., § 7886, prescribing the methods by which persons secondarily liable on negotiable instruments may be discharged, does not affect the right of indorsers upon notes to contribution from a co-indorser after they were compelled to pay the note.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; reversed.

*Daggett & Daggett,* for appellants.

Where one or more co-sureties on a promissory note pay the same, they are entitled to contribution from others. 6 Pomeroy's Equity, §§ 915-916-9; 6 R. C. L.

1042; 34 Ark. 73; 8 Ark. 494; 4 Ark. 506; 14 Ark. 267; 123 Ark. 77; 73 Ark. 174; 34 Ark. 569; 127 Ark. 462; 80 Ark. 304; 124 Ark. 555.

R. D. Smith and H. F. Roleson, for appellee.

HUMPHREYS, J.  Appellants, indorsers with appellee of three promissory notes executed by the Rondo Milling Company, a private corporation, to Lee County National Bank, instituted suit in the Lee Chancery Court against the Rondo Milling Company for $6,883.79, and against appellee for one-sixth of said sum, or $1,129.29; alleging that they had paid the notes and were entitled to be subrogated to the rights of the Lee County National Bank, and to contribution from appellee, their co-indorser.  It was also alleged that said bank was indebted to W. H. Wells in the sum of $750, for which amount a writ of garnishment was procured.

Said bank filed an answer admitting the indebtedness, and was released upon the payment of the amount into court.

Appellee interposed the following defenses: first, that he was released by agreement of all the parties; second, that he was released by failure of the bank to notify him of the nonpayment, to demand payment and protest the paper.

The cause was submitted to the court upon the pleadings and testimony adduced by the respective parties, which resulted in a decree dismissing the bill for the want of equity, from which is this appeal.

The notes contained a waiver of notice of nonpayment, demand, and protest.

The record reflects that the Rondo Milling Company was incorporated in 1918; that R. M. Blair was a director and president; that appellee was a stockholder and manager; that the other appellants were stockholders and some of them directors; that the mill was operated at a loss; that during the operation thereof a large amount of money was borrowed from the Lee County National Bank upon notes signed by the Rondo

Milling Company and indorsed by appellant and appellee; that on November 30, 1920, appellee sold his stock to Louis Kunda, who took his place as manager.

Each of the appellants testified, in substance, that the bank demanded payment of the notes, and in a few months thereafter, pursuant to the demand, each paid $100 and the milling company $500, making a total payment thereon of $1,000, leaving a balance due the bank of $6,883.79, for which they executed two promissory notes; that said notes were renewed several times before this suit was instituted; that when they made the payment and signed the new notes to the bank, the old notes were surrendered and the milling company was released; that the new notes became a joint and several obligation of appellants; that at the time appellee sold his stock to Kunda, neither appellants nor the bank agreed to release appellee from his obligation as indorser upon the original notes executed by him as manager for the Rondo Milling Company.

The testimony of appellants was corroborated by the testimony of Chas. M'Kee, the cashier of the bank. He testified that he demanded payment of the notes or the direct obligation of the directors; that, several months thereafter, $1,000 was paid and the balance arranged by taking notes directly from appellants; that he refused to release any of the directors from the payment of the debt, and remembered distinctly to have told W. H. Wells that he would hold him on his indorsement on the Rondo Milling Company notes.

Appellee testified that, when he sold Kunda his stock, appellants and the bank released him from his indorsement on the original Rondo Milling Company notes. The chancellor so found, but we think the finding contrary to a clear preponderance of the testimony.

The law applicable to the facts disclosed by this record was clearly enunciated in the case of *Thornsen* v. *Poe,* 123 Ark. 77, in the following language:

"Where several parties are equally liable for the same debt, or bound to the discharge of an obligation, and one is compelled to pay or satisfy the whole of it, he may have contribution against the others, to obtain payment for their respective shares."

It was also ruled in the case of *Neal* v. *Newland,* 4 Ark. 506, that "where a surety in a note takes it up, after it is due, and cancels it by giving his own note, which is accepted by the creditors, this is equivalent to payment of the first note, and will support a count for money paid, let out, or expended."

The doctrine announced in the two cases just cited was not changed by section 7886 of Crawford & Moses' Digest, as contended by appellee.

All the parties in interest were before the court, and, instead of dismissing appellant's bill, the court should have rendered judgment against the Rondo Milling Company for the total amount paid by appellants for it, which was $6,883,79, and against appellee for one-sixth of said sum, or $1,147.29, with instructions to sell the assets of the Rondo Milling Company and apply the proceeds to the payment of the judgment against it, and to credit the judgment against appellee with one-sixth of said proceeds.

The decree is reversed and the cause remanded, with directions to proceed in accordance with this opinion.