**MALLECK et al. v. THOMAS.**

No. 15255—Opinion Filed March 31, 1925.

1. **Appeal and Error—Necessity for Motion for New Trial—Review of Rulings on Demurrer to Evidence.**

The ruling on a demurrer to the evidence is a decision occurring on the trial; and, in order to enable the Supreme Court to review such ruling. it is necessary that a motion for a new trial be filed within the time prescribed by law.

2. **Same—Preserving Error Occurring During Trial.**

Error occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such error, has been made by the complaining party, and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court, where the issues of the case were made up by proper and sufficient pleadings.

(Syllabus by Thompson, C.)

Commisioners' Opinion, Division No. 5.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by O. S. Thomas against Louis Malleck and C. F. Worley, Sheriff of Garvin County. Judgment for plaintiff. Defendants bring error. Affirmed.

Cicero I. Murray, for plaintiffs in error.

Bowling & Farmer, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Garvin county by O. S. Thomas, defendant in error, plaintiff below, against Louis Malleck and C. F. Worley, sheriff of Garvin county, Okla., plaintiffs in error, defendants below, to cancel a judgment and to enjoin the sale of real estate under execution, issued to satisfy said judgment.

Parties will be referred to in this opinion as plaintiff and defendants, as they appeared in the lower court.

A demurrer to the second cause of action to set aside the judgment was sustained and the cause proceeded to trial upon the first cause of action, set forth in the petition, in which it is alleged, in substance, that the defendant Louis Malleck obtained a judgment in the justice court of R. W. Ross, in Garvin county, against plaintiff for the sum of $114, and interest at six per cent. from the 6th day of December, 1923, and costs; that an abstract of said judgment was filed in the district court of Garvin county and execution issued thereon and directed to the sheriff of Garvin county, Okla., who, as such sheriff, levied said execution on lot 13 and the south 25 feet of lot 14, in block 42, in the town of Lindsay, Garvin county, Okla.; that plaintiff, with his family, had resided on said property for a number of years and claimed it as a homestead, and that he had no other homestead, and that he had not abandoned the same; that said sheriff had levied upon the property and advertised it for sale. and that, unless he was enjoined, he would proceed to sell the property, and prayed that the court enjoin the defendants from so doing.

To this cause of action the defendants answered by way of general denial, and further alleged that the south 25 feet of lot 14, in block 42, described in plaintiff's petition, had been released from the levy for the reason that it was claimed as a homestead by plaintiff, and that sale would only be made of lot 13, in block 42. A copy of the release was attached to and made a part of the answer.

The cause proceeded to trial to the court by consent of the parties, and, at the close of all the testimony in the case, the court rendered judgment in favor of the plaintiff and against the defendants, in which it was held that the two lots had been owned and occupied by the plaintiff and his family as a homestead for about 19 years, and that it had not been abandoned by him, and that it was his homestead at the time the judgment was obtained against him, and that the judgment did not constitute a lien upon the premises, and that the property could not be sold by reason of the levy of the execution, and enjoined the sheriff from selling the property and perpetually enjoined the defendant Louis Malleck and those claiming by, through, or under him, from the collection of said judgment against the property.

No motion for new trial was filed by the defendants, but they attempt to appeal from the above judgment without first having filed and presented the errors complained of by a motion for new trial in the lower court.

The only question presented and argued by the attorney for defendants is:

"That the judgment enjoining the sheriff of Garvin county, Okla., from selling lot 13 in block 42, in the town of Lindsay, Okla., at the sheriff's sale as was advertised, and in holding and adjudging that said property was the homestead of the plaintiff and exempt from sale under execution, is contrary to law."

The record discloses that the trial was

had upon the merits of the cause upon a proper and sufficient petition and answer; that plaintiff introduced four witnesses, whose oral testimony was taken at the trial, and the attorney for defendants, at the close of the testimony on part of the plaintiff, demurred to the sufficiency of the evidence for the reason that the evidence did not support the plaintiff's cause of action, or show that the plaintiff was entitled to the relief prayed for, which demurrer was by the court overruled, and exception reserved thereto. The defendants then introduced two witnesses, whose oral testimony was taken at the trial.

The judgment of the court was pronounced after the evidence was heard and upon the oral testimony of the witnesses. Under such conditions, before this court would be entitled to review this cause on appeal, it was necessary, to give this court jurisdiction, for defendants to have filed, presented, and had the court act upon a motion for new trial, which, as is disclosed by the record, they failed to do.

This court, in the cases of Lowenstein v. Todd, 40 Okla. 18, 135 Pac. 737, and Tyler v. Tyler, 44 Okla. 411, 144 Pac. 1023, held that:

"The ruling on a demurrer to the evidence is a decision occurring on the trial; and, in order to enable the Supreme Court to review such ruling, it is necessary that a motion for a new trial be filed within the time prescribed by law."

And to the same effect is the case of the Federal Refining Co. v. Fortuna Oil Co., 77 Okla. 23, 185 Pac. 1080.

Again, in the case of First National Bank of Haskell v. Lent, 77 Okla. 110, 186 Pac. 1081, this court said:

"Errors not properly presented to the lower court are not reviewable."

Again, in the case of In re Foley, 78 Okla. 58, 188 Pac. 885, this court said:

"To have reviewed in the Supreme Court errors occurring at the trial of a case, a motion for a new trial must have been filed and acted on by the trial court and exceptions taken thereto."

In the case of Eastwood v. Clinkscales, 82 Okla. 52, 197 Pac. 455, this court said:

"A party cannot have errors of law occurring at the trial reviewed by the Supreme Court, unless he has made a legal and sufficient motion for a new trial, presenting the matter complained of to the trial court."

And, in the case of Harrison v. Murphy, 35 Okla. 135, 128 Pac. 501, this court said:

"In equity cases no motion for a new trial is necessary to bring up the papers in the cause, unless oral evidence is taken."

Under the statute law of this state and under the decisions of this court, above quoted, before this court would have any power or jurisdiction to review the action of the trial court in this case, under the condition of the record, as disclosed here, it was necessary for the defendants to have brought the errors complained of to the attention of the trial court by timely motion for new trial, and, as heretofore stated in this opinion. this the defendants failed to do and, therefore, there is nothing presented in this record to be considered by this court on appeal.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.