## In re GUARDIANSHIP OF DUNCAN. DUNCAN et al. v. DUNCAN.

No. 17731.    Opinion Filed Feb. 7, 1928.

(Syllabus.)

**1. Appeal and Error—Review—Necessity for Preserving Error—Motion for New Trial.**

Error occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such error, has been made by the complaining party, and acted upon by the trial court and its ruling excepted to, and afterwards assigned for error in the Supreme Court, where the issues of the case were made up by proper and sufficient pleadings.

**2. Same—Case-Made Considered as Transcript Only When Certified by Court Clerk.**

A record presented as a case-made cannot be considered as a transcript unless properly certified by the court clerk as such.

Error from District Court, Blaine County; E. L. Mitchell, Judge.

In the matter of guardianship of Elizabeth Duncan, an incompetent. Proceeding by G. C. Duncan and others to have Eliza-

beth Duncan declared mentally incompetent, and for the appointment of a guardian begun in the county court. From an adjudication of incompetency and the appointment of a guardian, Elizabeth Duncan appealed to the district court, and, from its judgment in her favor, G. C. Duncan and others appeal. Appeal dismissed.

J. P. Wishard, for plaintiffs in error.

Twyford & Smith, Theodore Graalman, and G. Lee Gibbs, for defendant in error.

PER CURIAM. This proceeding was begun in the county court of Blaine county by filing in said county a verified petition by plaintiffs in error, alleging Elizabeth Duncan to be mentally incompetent to manage her affairs, and praying the appointment of a guardian. A trial of the issue made by this pleading was had in the county court, resulting in an adjudication of incompetency and the appointment of a guardian. Elizabeth Duncan appealed to the district court of said county, where a trial on the merits of the case was had de novo, resulting in a finding of fact that Elizabeth Duncan was a competent and intelligent person and able to handle her affairs, and it was ordered that the proceedings be remitted to the county court, with directions to set aside its judgment theretofore rendered in said cause and that the said guardianship proceedings be set aside and held for naught. Notice of appeal was given and time given in which to make and serve case-made. No motion for new trial was filed in said cause, and the defendant in error now moves the court to dismiss the appeal for the reason that the alleged errors were not brought to the attention of the trial court by motion for new trial, and therefore this court is without authority to review the same.

This cause was tried upon the issue presented by the petition filed in the county court, which petition constitutes a pleading in the case, and where a trial is had upon the issues raised by the pleading and evidence is introduced in such trial, it is necessary to present the alleged error to the trial court by a motion for new trial and have said motion overruled in order to have the cause reviewed by this court. Eastwood v. Clinkscales, 82 Okla. 52, 197 Pac. 455; Buchanan v. Fant, 110 Okla. 206, 238 Pac. 962; Malleck v. Thomas, 109 Okla. 95, 234 Pac. 1107. In the last-named case the court laid down the following rule:

"Error occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such error, has been made by the complaining party, and acted upon by the trial court and its ruling excepted to, and afterwards assigned for error in the Supreme Court, where the issues of the case were made up by proper and sufficient pleadings." See Foley v. Wilson, 78 Okla. 58, 188 Pac. 885.

The purported record presented by case-made in this cause cannot be considered as a transcript, for the reason it is not certified by the clerk of the trial court as such. Martin v. Milnor, 52 Okla. 232, 152 Pac. 388; Dickerson v. Botchleott, Adm'x, 122 Okla. 252, 254 Pac. 80.

The alleged errors assigned in the petition in error, occurring at the trial of the cause, cannot be considered, for the reason no motion for new trial was filed presenting the alleged errors to the trial court, and errors presented upon the record cannot be considered, for the reason there is no certificate of the clerk of the trial court attached thereto certifying to the same as a transcript of the record. There is therefore nothing before this court for review, and the appeal is dismissed.

Note.—See under (1) 3 C. J. p. 1389, §1536; 2 R. C. L. p. 166. (2) 4 C. J. p. 441, §2154.